406 So.2d 209 (1981)
STATE of Louisiana
v.
Gregory K. SNIDER.
No. 81-KA-0089.
Supreme Court of Louisiana.
November 16, 1981.
Rehearing Denied December 14, 1981.
*210 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Sonia D. Peters, Dale G. Cox, Asst. Dist. Attys., for plaintiff-appellee.
Robert T. Talley, Covington, for defendant-appellant.
DOUCET, Justice Ad Hoc.[*]
The bill of information in this matter charged the Defendant with the illegal discharge of a weapon, as set forth in La.R.S. 14:94. On October 15, 1980 he pled guilty to the charge and was sentenced to serve two years imprisonment at hard labor. Defendant now appeals on the basis of five assignments of error which are all argued.

STATEMENT OF FACT
Defendant, Gregory K. Snider, was charged by bill of information with the illegal discharge of a weapon, a violation of La. R.S. 14:94. On October 15, 1980, he pled guilty to the charge. Thereafter, the court sentenced him to serve the maximum penalty, two (2) years imprisonment at hard labor.
On the night of March 4, 1980, Gregory Snider and William Gullion went on a drunken shooting spree, indiscriminately firing weapons from an automobile. A security guard at Atlas Refinery was fired at in his pick-up truck as were some of the buildings. There were several reports of residential firings and eyewitness accounts and identifications. The pair stopped at a 7-11 store where they went in waving guns, generally creating terror. On the morning of March 5, 1980, Gullion turned himself in for the shooting spree and gave an inculpatory statement implicating Snider in the incident. From this information the police prepared a photographic line-up for the witnesses who identified the two men as the perpetrators. Snider and Gullion were arrested and initially charged with possession of a firearm by a convicted felon (La. R.S. 14:95.1), and illegal discharge of a weapon (La. R.S. 14:94).
Gullion pled guilty to possession of a firearm by a convicted felon on June 6, 1980 and was sentenced to eight years at hard labor, suspended. The judge placed Gullion on probation for five years conditioned on the Defendant successfully completing the Odyssey House program. Since, in 1974, Gullion had been convicted of aggravated robbery in Texas his sentence was ordered served consecutively to any sentence that Texas required him to serve as a parole violator.
On October 15, 1981, Snider pled guilty to the illegal discharge of a weapon pursuant to a plea bargain whereby the State dismissed the charge of possession of a firearm by a convicted felon. He had previously been convicted of the unlawful distribution of a controlled dangerous substance in Illinois for which he had already completed probation to his suspended sentence. The *211 judge, in the instant case, sentenced Snider to two years imprisonment at hard labor.
ASSIGNMENT OF ERROR NUMBERS 1 AND 5:
Defendant contends, by these assignments, that the trial court sentenced him without sufficient articulation of the reasons, as required by La. C.Cr.P. Article 894.1, and that the sentence imposed was excessive.
The requirements of La. C.Cr.P. Article 894.1 are:
A. When a Defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the Defendant will commit another crime;
(2) The Defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the Defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The Defendant's criminal conduct neither caused nor threatened serious harm;
(2) The Defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The Defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the Defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the Defendant's criminal conduct induced or facilitated its commission;
(6) The Defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The Defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The Defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the Defendant indicate that he is unlikely to commit another crime;
(10) The Defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the Defendant would entail excessive hardship to himself or his dependents.
C. The Court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
After hearing the argument of counsel and extensively questioning both counsel concerning the facts of the case and the Defendant as to whether the facts as recited were correct and concerning any mitigating circumstances the Defendant might have to offer in his own behalf, the trial court concluded.
We find your criminal conduct is the type that could conceivably reoccur. We do not find your attitude is such that you on your own have sufficient discipline to preclude such conduct recurring. We do not feel that you would likely respond affirmatively to probationary treatment. You were given a prior opportunity.
In support of these conclusions, the trial court found specifically that:
(1) the indiscriminate shooting in residential neighborhoods did threaten serious harm;
(2) defendant had to realize shooting at cars and buildings could cause harm;
(3) there was no provocation for the acts;
(4) defendant's drunkenness is no defense or excuse for his criminal conduct;
(5) no inducement by the victims of the crime;
(6) defendant has prior criminal activity for which he served probation;

*212 (7) defendant's conduct could easily reoccur particularly if he continues to drink;
(8) defendant did not respond to prior probation;
(9) defendant has no dependents who would be affected by his imprisonment.
Accordingly, the trial court imposed a maximum sentence of two years imprisonment. The court also specified that defendant would serve his sentence at hard labor. The court obviously made an effort to consider both aggravating and mitigating circumstances. The facts of this case speak strongly for themselves; defendant engaged in a wild, drunken shooting spree that endangered numerous persons. He shot at a pick-up truck at a refinery. Any stray shots at the refinery could have caused a catastrophe, but Defendant obviously had no regard for the possible consequences of his actions. In addition, Defendant terrorized the personnel and patrons of a 7-11 Store, again without regard for the consequences.
Further, Defendant received considerable benefit from the state's dropping of the much more serious charge under R.S. 14:95.1 (possession of a firearm by a convicted felon).
The sentence imposed was the maximum allowable, however, on the record in this case the sentence is not imposed in an arbitrary manner and is not excessive. The sentence is not grossly disproportionate to Defendant's conduct nor is it a clear abuse of the trial courts broad sentencing discretion. State v. Bonanno, 384 So.2d 355 (La. 1980);
Therefore, the sentence is affirmed.
ASSIGNMENT OF ERROR NUMBER 2:
Defendant contends that sentence was imposed without properly delineating the relative culpability between Defendant and his accomplice.
This argument by Defendant is in reality one of excessive sentencing which was dealt with in Assignment of Error Numbers 1 and 5. There is ample evidence to support the trial court's imposition of a maximum penalty for the crime charged.
Further, there is no evidence to support Defendant's argument that he was a minor participant. The record establishes that he not only fired a weapon but drove the vehicle for the escapade. In addition, he was identified, according to the post conviction statement, as one of the persons who fired a weapon at the 7-11 Store.
This assignment lacks merit.
ASSIGNMENT OF ERROR NUMBER 3:
Defendant contends that the trial court committed reversible error in basing the sentence upon inadequate and/or hearsay testimony.
Defendant argues that there are discrepancies in the state's brief in that reference is made both to Defendant "firing in the air" and "in the direction of nearby residences." Whatever the reason for the discrepancy, the statement of the district attorney filed herein verified that bullets were recovered from various homes. These bullets were identified by the crime lab to have been fired from the guns of two defendants. Witnesses gave statements to the police and identified both men as firing weapons.
The transcript of the sentencing reflects that the judge did question the defendant and his attorney extensively about the incident and the defendant's criminal record. The judge also gave the defendant a chance to add anything to the testimony but the defendant declined.
Sentencing is based on hearsay testimony. All written documents, pre-sentence reports, prior criminal history, etc., constitute hearsay evidence. The holding by the United States Supreme Court in Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); rejects Defendant's arguments, saying that a Defendant had no constitutional right to an adversarial sentencing proceeding in which he could cross examine persons who had supplied such information to the court. The Defendant had a chance to cure any real defects at his sentencing. As there are enough facts stated that support his sentence, this assignment lacks merit.

*213 ASSIGNMENT OF ERROR NUMBER 4:
Defendant argues that the trial court committed reversible error in sentencing the Defendant to two years at hard labor without benefit of suspended sentence or probation, thereby creating an unconstitutional disparity of sentences between Defendant and co-defendant, William L. Gullion.
As stated in the sentencing transcript, the Defendant had a prior conviction for unlawful distribution of controlled dangerous substances. It is not contended that this conviction was for anything other than a felony. Hence, under La. C.Cr.P. Article 893 A, the Defendant is not eligible for a suspended sentence and probation.
The Defendant argues the disparity between his sentence and the other principal's sentence. Defendant's sentencing must be looked at independently. Since there is evidence to support the maximum of two years at hard labor there is no merit to this argument.
For the reasons assigned, both conviction and sentencing are affirmed.
NOTES
[*] Judges Thomas J. Kliebert and Robert J. Klees of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc joined by Chief Justice Dixon and Justices Calogero, Dennis, and Watson.