444 So.2d 96 (1983)
STATE of Louisiana
v.
Alex LATHERS.
No. 82-KA-2059.
Supreme Court of Louisiana.
December 9, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Bob Hester, Asst. Dist. Attys., for plaintiff-appellee.
M. Michelle Fournet, Jeff Clames, Asst. Public Defenders, Baton Rouge, for defendant-appellant.
*97 CALOGERO, Justice.
Defendant Alex Lathers was charged by grand jury indictment with the crime of aggravated rape in violation of La.R.S. 14:42. Following trial, the jury returned a verdict of guilty of forcible rape. La.R.S. 14:42.1. Thereafter, the trial judge sentenced defendant to serve the maximum sentence, forty years at hard labor and ordered that it all be served without benefit of parole, probation or suspension of sentence. Defendant appealed, arguing only that his sentence was excessive. Finding that the trial judge had not complied with statutory sentencing guidelines (La.C.Cr.P. art. 894.1), this Court unanimously vacated the sentence and remanded the case to the trial court for resentencing. State v. Lathers, 414 So.2d 678 (La.1982). On remand, the trial judge again imposed the maximum sentence prescribed for the offense, forty years at hard labor, without benefit of parole, probation or suspension of sentence for the entire term. On appeal from this sentence, defendant again argues that his sentence is excessive.
La.R.S. 14:42.1, under which defendant was convicted, provides:
Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
The basic principles of appellate review of sentences under our state constitution are well settled. La.Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. In accordance, therewith, in State v. Sepulvado, 367 So.2d 762 (La.1979), we held that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment that is enforceable by this court on appellate review of his conviction." This Court has also recognized that a punishment is unconstitutionally excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Sims, 410 So.2d 1082; (La.1982); State v. Johnson, 406 So.2d 569 (La.1981); State v. Kersey, 406 So.2d 555 (La.1981); State v. Snider, 406 So.2d 209 (La.1981); State v. Russell, 397 So.2d 1319 (La.1981); State v. Williams, 397 So.2d 1287 (La.1981); State v. Beavers, 382 So.2d 943 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). See also Solem, Warden, South Dakota State Penitentiary v. Helm, ___ U.S. ___, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 1909, 49 L.Ed.2d 859 (1976); Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910).
There are several factors which are useful in determining whether the sentence by its excessive severity or length is greatly disproportionate to the underlying offense. Some of these factors are the nature of the offense and the offender (i.e., the harm caused or threatened to the victim as well as the culpability and character of the offender) and the sentences imposed for the commission of the same crime in other jurisdictions. Solem v. Helm, supra; State v. Telsee, supra. Disproportionality analysis is cumulative and focuses on a combination of these factors.
In considering the nature of the offense and the offender, we have held that the statutory grounds for the selection and imposition of a sentence, La.C.Cr.P. art. 894.1, provide helpful criteria. The goal of the legislative scheme embodied in this article is to tailor the individual sentence imposed *98 on the particular defendant to the particular circumstances of that given case. State v. Telsee, supra; State v. Jackson, 360 So.2d 842 (La.1978). The result is that the maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Jones, 398 So.2d 1049 (La.1981).
In the instant case, the facts adduced at trial revealed the following: On July 10, 1980, at approximately 2:00 a.m., Jane Doe (fictitious name) was driving a pick-up truck through Scotlandville on her way home from Baton Rouge to St. Francisville. She had earlier in the night been visiting with her sister. Ms. Doe testified that while she was stopped at a red light at the intersection of Highway 61 and Louisiana 19, the defendant opened the unlocked passenger door and entered the truck. He pointed an object at her, which she thought to be a gun, and told her to drive on. He led her to a rural road and ordered her to stop. Ms. Doe testified that she jumped out of the truck in an attempt to escape, but the defendant grabbed her and threw her to the ground. In response to her screams, the defendant told her to shut up or he would shoot her. The defendant then had sexual intercourse with the victim. When he got up, Ms. Doe made her escape by jumping up, running to the truck and driving away. As she drove away, she testified that she heard what sounded like a gun shot. Ms. Doe drove back to the motel where her sister was staying in Baton Rouge and reported the incident to the police. She appeared physically unharmed[1] with the exception of a small scratch on her neck. She was examined at that time by a physician, and semen was found in the vaginal area. She gave the police a description of the perpetrator, and the defendant was later arrested and identified by the victim.
Defendant testified at trial and had an entirely different version of the events in question. He stated that he was walking home on the night in question when the victim pulled over in her pick-up truck and offered him a ride home. Defendant got in the truck and she drove on. After a brief period of time, defendant stated that Ms. Doe began asking him questions concerning his interest in white women. He stated that the ride continued to his home where Ms. Doe dropped him off. He denied having sex with the victim, forced or not, and denied ever owning or possessing a gun. Defendant's sister testified that she saw a pick-up truck drop her brother off, although she could not give the color or make.
Although defendant was charged with aggravated rape, the jury returned a verdict of forcible rape.
The presentence investigation report shows that defendant was twenty-one years old at the time of the offense. He was a first offender. He had been arrested as a juvenile for misdemeanor theft and as an adult for simple battery and disturbing the peace. Neither of these arrests led to convictions. Defendant had completed the tenth grade and has been working steadily for the same employer for the past three to four years. He has three children by one woman, with whom he was living, and was contributing to the support of those children.
Added to these considerations of the nature of the offense and the offender, we must also consider the sentences which have been imposed in other forcible rape cases. In reviewing a very similar case, this Court in State v. Telsee, supra, made the following observations:
Generally, a survey of sentences for forcible rape which have been reviewed or noted by this court reflect a range of sentences from ten years at hard labor to twenty-five years at hard labor, with parole excluded for periods of two to eight years. In two cases in which the sentence exceeded this range, a sentence of *99 forty years at hard labor was imposed. In one of these, the sentence was vacated and the case remanded for resentencing because the record did not reflect that the defendant used a weapon as the trial judge assumed and because the judge had failed to consider mitigating circumstances. In most of the cases considered, including those involving sentences in the ten to twenty-five range, the circumstances of the crime were more aggravated than Telsee's offense.
The Court went on to discuss some of the more pertinent cases in which a sentence for forcible rape was reviewed. The Court in Telsee noted the following cases:[2]
(1) State v. Bagley, 378 So.2d 1356 (La. 1979). The defendant was convicted of forcible rape and sentenced to ten years at hard labor. The defendant entered the victim's home, choked her, dragged her around and raped her.
(2) State v. Roussel, 381 So.2d 796 (La. 1980). The defendant was indicted for aggravated rape, convicted of forcible rape and sentenced to twelve years at hard labor. The defendant had kidnapped the victim, forced her to drive around for over an hour, threatened to kill her several times if she did not cooperate, and raped her. Defendant had numerous arrests for minor offenses.
(3) State v. Decuir, 364 So.2d 946 (La. 1978). The defendant was convicted of forcible rape and sentenced to twelve years at hard labor. The rape victim was seventeen years old.
(4) State v. Reed, 409 So.3d 266 (La. 1982). Defendant pled guilty to forcible rape and was sentenced to fifteen years at hard labor, two without benefit of parole, probation or suspension of sentence. Defendant raped the victim at knife point. He had several misdemeanor convictions.
(5) State v. Dawson, 392 So.2d 445 (La. 1981). Defendant was indicted for aggravated rape, convicted of forcible rape and sentenced to twenty years at hard labor, two without benefit of parole, probation or suspension of sentence. The victim was only thirteen years old and was raped at knife point. Defendant had a previous record of sex crimes.
(6) State v. McDaniel, 410 So.2d 754 (La. 1982). Defendant was convicted of forcible rape and sentenced to twenty-one years at hard labor, two without benefit of parole, probation or suspension of sentence. Defendant kidnapped and raped his victim at knife point.
(7) State v. Lewis, 412 So.2d 1353 (La. 1982). Defendant was convicted of forcible rape and sentenced to twenty-four years at hard labor, eight without benefit of parole, probation or suspension of sentence. Defendant entered the victim's house, hit her over the head, ripped her clothes off, beat her with the butt of a rifle, marched her through the house naked at gunpoint, tied her up and raped her.
(8) State v. Austin, 399 So.2d 158 (La. 1981). Defendant was indicted for aggravated rape, convicted of forcible rape and sentenced to twenty-five years at hard labor, two without benefit of parole, probation or suspension of sentence. Defendant burglarized the premise and raped the occupant.
(9) State v. Acliese, 403 So.2d 665 (La. 1981). Defendant was indicted for aggravated rape, convicted of forcible rape and sentenced to twenty-five years at hard labor, two without benefit of parole, probation or suspension of sentence. The victim was eleven years old. Defendant had a prior history of similar offenses.
(10) State v. Drayden, 372 So.2d 565 (La. 1979). Defendant was indicted for aggravated rape, convicted of forcible rape and sentenced to forty years at hard labor. Defendant entered the victim's home, obtained a butcher knife and threatened the victim into submitting to both oral sex and sexual intercourse. He had made a similar attempt before.
(11) State v. Lewis, 416 So.2d 921 (La. 1982). Defendant was convicted of forcible rape, aggravated burglary, and aggravated *100 crime against nature and sentenced to forty years at hard labor for the rape charge. The defendant forced his way into the victim's home, it was believed he was armed, he stayed over two hours, raped the victim three times, performed oral sex on her four times, and compelled her to perform oral sex on him five times. He had made a similar attempt before. This sentence was reversed because it was determined that the trial judge was mistaken about the defendant being armed.
We must add to this list the Telsee case itself as well as cases decided thereafter. Telsee was charged with aggravated rape. He pled guilty in the First Judicial District Court in Caddo Parish, to the lesser offense of forcible rape and was sentenced to forty years at hard labor, at least half of which was to be without benefit of parole, probation or suspension of sentence. This sentence was vacated and the case was remanded to the trial court for resentencing. State v. Telsee, 388 So.2d 747 (La. 1980). The trial judge again imposed a forty year sentence. This sentence was again vacated because of the failure to comply with the sentencing guidelines of C.Cr.P. art. 894.1. State v. Telsee, 404 So.2d 921 (La.1981). On a second remand of the case for resentencing, the court again sentenced Telsee to serve forty years at hard labor, but made no provisions concerning what part of the sentence was to be served without benefit of parole, probation or suspension of sentence. The facts indicated that the defendant had tricked the victim into pulling off the roadway by flashing a light in her rearview mirror. Defendant identified himself as a police officer and as the victim opened her car door, defendant jumped into the car. Defendant admitted that the victim resisted and that he had to overcome her by force. She received numerous bruises and scratches on her neck and face and a cut on her leg. The victim claimed that the defendant said he had a gun and had threatened to shoot her. After the rape, the defendant also robbed the victim of all her money and a gold watch. Telsee was a first offender. After finding that Telsee was not among the worst individuals who had been convicted of forcible rape and that his crime itself was not as aggravated as others in which defendants have been sentenced less severely, this Court held that Telsee's forty year sentence was unconstitutionally excessive and amended it to twenty-five years at hard labor, two of which were ordered to be served without benefit of parole, probation, or suspension of sentence. State v. Telsee, 425 So.2d 1251 (La.1983).
In State v. Graffagnino, 436 So.2d 559 (La.1983) defendant was sentenced to eight years at hard labor, with two years to be served without benefit, in the Twenty-Seventh Judicial District Court for St. Landry Parish, for forcible rape. Defendant's victim was sixteen years old. She was released physically unharmed, although the record evidenced psychological problems. Defendant was a first felony offender but had an extensive misdemeanor and arrest record. Defendant had been arrested and convicted of shoplifting and placed on probation. That probation was revoked when he was again arrested for shoplifting. He has been charged with two counts of theft, one count of burglary, two counts of possession of marijuana and one count of possession of marijuana with intent to distribute, although the record reflected no disposition of those charges.
Also relevant here is the case of State v. Everett, 432 So.2d 250 (La.1983) in which we reversed a maximum fifty year sentence imposed for attempted aggravated rape where the Court noted that the maximum penalty "is ordinarily reserved only for the worst kind of offense and the worst kind of offender. With no juvenile or adult record of arrests or convictions, defendant hardly qualified as the worst kind of offender."
In comparing the instant case with the other cases discussed above, we find that it most closely compares with Telsee. The two cases are almost indistinguishable. Like Telsee, defendant here is a first offender. The victim testified that defendant threatened to shoot her, but there was no other evidence of a gun, just as was the *101 case in Telsee. Defendant's victim was relatively unharmed. In fact, she was not as physically mistreated as was the victim in Telsee. Defendant herein is three years older than Telsee was at the time he committed his offense, but he has a work history showing steady and continuous employment with the same employer for over three years and has a family which he supported, neither of which were mitigating factors in Telsee's case.
As we observed in Telsee, generally the sentences for forcible rape which have been reviewed by this Court reflect a range of sentences from ten to twenty-five years at hard labor, with parole excluded for periods of two to eight years. Sentences must be imposed to correlate with the nature of the offense and the offender and should be imposed with consideration of the sentences imposed for similar crimes by other courts. Such considerations insure proportionality such that the most severe sentences are imposed for the most egregious crimes or criminals.
The United States Supreme Court, in Solem v. Helm, supra, recently adopted a similar method of reviewing sentences, under the Eighth Amendment of the United States Constitution, to that utilized by this Court in Telsee. In answering affirmatively the question of "whether the Eighth Amendment proscribes a life sentence without possibility of parole for a seventh nonviolent felony," the Court held "that a criminal sentence must be proportionate to the crime for which the defendant was convicted." The Court went on to explain that "a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."
In applying the above analysis to the facts before it, the Court determined that Helm's life sentence, without the possibility of parole, was unconstitutional under the Eighth Amendment of the United States Constitution because it was "significantly disproportionate to his crime." In so holding, the Court distinguished Helm's case from the apparently similar case of Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).
Rummel was convicted of his third nonviolent felony and sentenced to life imprisonment. However, Rummel was not denied parole eligibility. The Court noted that Rummel would be eligible for parole in a minimum of 10 years, under Texas law, and a maximum of 12 years. The Court ruled in Rummel, that his sentence did not violate the Constitution.
The Court in Solem and Helm noted, in contrast, that Helm would have to "spend the rest of his life in the state penitentiary." The Court found that the denial to Helm of parole eligibility created a significant difference between the Rummel life sentence and the Helm life sentence, stating that the latter was "far more severe than the life sentence we considered in Rummel v. Estelle." In fact, the Court found this feature of Helm's sentence so seriously different from that imposed in Rummel that it warranted a contrary result in Helm's case. Accordingly, the Court held unconstitutional the life sentence therein imposed without parole eligibility for one convicted of his seventh nonviolent felony, notwithstanding that they had affirmed Rummel's life sentence imposed for his third conviction for a nonviolent felony. Thus, it is clear that a sentence imposed without parole eligibility is considered a much more severe sentence than one imposed with parole eligibility.
After reviewing defendant's sentence in light of these principles of appellate review of sentences, we conclude that the imposition of the maximum sentence of forty years imprisonment at hard labor, all to be served without benefit of parole, probation or suspension of sentence, is grossly disproportionate to similar cases and, like Telsee, constitutes excessive punishment prohibited by La.Const. art. 1, § 20.
*102 The crime for which defendant has been convicted, forcible rape, constitutes a violent and despicable act for which he deserves to be seriously punished. However, the maximum sentence is disproportionately severe in view of the circumstances of this case and the sentences imposed in other comparable and more severe cases. Defendant's crime was not nearly the worst forcible rape which has been perpetrated, nor anywhere like the worst ones perpetrated. Defendant did not physically and brutally abuse the victim as is sometimes the case. She was, fortunately, released relatively unharmed and there is no evidence in the record of her suffering psychological difficulties. Nor is defendant among the worst individuals who have been convicted of this offense. Although he does deserve to be seriously punished for what he did, he compares favorably to others convicted of the same crime (like habitual sex offenders) who received less severe sentences. Lathers is relatively young, twenty-one years old at the time of the offense. He had no prior convictions or juvenile adjudications. He completed the tenth grade, had a steady work history for the past three to four years and was helping to support his three children. There is no evidence in this record to indicate that Lathers is hopelessly incorrigible. And yet, in comparison with the sentences that other offenders have received for the same offense, Lathers' is the most severe.
One of the goals of imprisonment is rehabilitation of the offender. That purpose is promoted by the Department of Corrections' ability to offer a prisoner parole eligibility in exchange for his good behavior. It encourages good behavior and furthers the rehabilitative process. However, in this case, the Department of Corrections has been denied the ability to encourage Lathers' rehabilitation by offering him parole eligibility for improved behavior. Rather, the effect is a debilitating one. Defendant has no reason for improvement because parole eligibility is denied him. Defendant must serve every day of his forty year sentence.[3] That is a very different sentence from and much more severe than one for forty years imprisonment with parole eligibility, which gives a first offender the opportunity for release after thirteen years and four months. Solem v. Helm, supra. And it is far too severe for this defendant who is twenty-one years old and a first offender, especially considering that it is the most severe sentence imposed of all those reviewed and yet it is not nearly the worst crime.
Yet, we are well aware of the seriousness of the accused's act. He committed an act of violence on another human being. And he did so, as the victim testified, with the threat of killing her. Thus, imposition of a sentence in the upper range of those customarily imposed is justifiable. However, under no circumstances should this defendant be denied parole eligibility for more than the maximum period imposed on any other of these defendants, eight years. A sentence, much in excess of that imposed on any other more serious offender, would be constitutionally excessive punishment under La. Const. art. I, § 20 and U.S. Const. amend. VIII.

Decree
For the foregoing reasons, the sentence imposed by the trial court is vacated and the case is remanded to the trial court for resentencing in accordance with the views expressed herein.
SENTENCE VACATED; CASE REMANDED TO DISTRICT COURT FOR RESENTENCING.
MARCUS, J., dissents and assigns reasons.
LEMMON, J., dissents and will assign reasons.

*103 APPENDIX
The Court in Telsee discussed pertinent rape cases that have been reviewed by this Court as follows:
In State v. Bagley, 378 So.2d 1356 (La. 1979), the defendant was convicted of forcible rape and sentenced by the First Judicial District Court of Caddo Parish to ten (10) years at hard labor. The defendant gained entrance into the victim's home by a ruse, choked her, dragged her to a bedroom and raped her. The defendant admitted having sexual intercourse with the victim but claimed that the victim voluntarily engaged in the act after he had gone to her house to buy some marijuana. It was apparently undisputed that he had previously been acquainted with the victim.
In State v. Roussel, 381 So.2d 796 (La. 1980), the defendant was indicted for aggravated rape, convicted in the Criminal District Court of Orleans Parish of forcible rape, and sentenced to twelve (12) years at hard labor. The defendant kidnapped the twenty-three year old victim after she picked him up as a hitchhiker, told the victim that he had a gun, threatened to shoot her, drove around with her in the car for as long as an hour and a half, raped her, and left her with a warning that if she said anything, he would "close her mouth for good." The defendant stated at one point that he would "blow her brains out" if she refused to cooperate. The defendant also committed a robbery of the victim by taking her purse and money. This was Roussel's first felony offense, although he had numerous arrests for minor offenses and a bad school record. The defendant had shown no remorse.
In State v. Decuir, 376 So.2d 946 (La. 1978), the Fifteenth Judicial District Court for Lafayette Parish convicted the defendant of forcible rape and sentenced him to serve twelve (12) years at hard labor. The rape victim was a seventeen year old unmarried girl with two children. No other facts concerning the commission of the crime or the persons involved were related by the opinion.
In State v. Reed, 409 So.2d 266 (La.1982), the Nineteenth Judicial District Court of East Baton Rouge Parish accepted defendant's plea of guilty to forcible rape and sentenced him to fifteen (15) years imprisonment at hard labor with two of those years to be without benefit of probation, parole or suspension of sentence. The defendant entered a neighbor's home causing her to arm herself with a knife. The defendant took the knife from her and told her that he had come to rape her. When she ceased to resist, he put the knife on the floor and raped the victim. At the time of the rape, the defendant was somewhat intoxicated. This was the defendant's first felony offense, but he had several prior misdemeanor convictions, including simple battery, simple arson, and possession of marijuana.
In State v. Dawson, 392 So.2d 445 (La. 1981), the First Judicial District Court, Parish of Caddo, sentenced the defendant to twenty (20) years at hard labor, two (2) without benefit of probation, parole or suspension of sentence, after he had been found guilty of forcible rape by a jury, following his indictment for aggravated rape. The defendant kidnapped the thirteen year old victim by holding a knife to her throat, took her to a secluded place in his truck, and raped her. According to the opinion of this court, the defendant had a previous record of sex crimes which indicated a likelihood of his future commission of such offenses.
In State v. McDaniel, 410 So.2d 754 (La. 1982), the Twenty-Fifth Judicial District Court of Grant Parish sentenced the defendant to twenty-one (21) years at hard labor, the first two (2) years without benefit of probation, parole or suspension of sentence, after he was convicted by a jury of forcible rape following the original charge of aggravated kidnapping and attempted armed robbery. The defendant hid in the back of a woman's unoccupied van in a shopping center, forced her at knife point to drive to a remote spot, forced her to have sexual intercourse, and attempted to commit armed robbery.
*104 In State v. Lewis, 412 So.2d 1353 (La. 1982), the Ninth Judicial District Court, Parish of Rapides, sentenced the defendant to twenty-four (24) years at hard labor, the first eight (8) years without benefit of parole, probation or suspension of sentence, after the defendant's conviction of forcible rape. The defendant made an unauthorized entry into the victim's house, hit her over the head, ripped off her clothes, beat her with the butt of a rifle, and raped her. The sentencing judge mentioned the terror of the victim produced by her masked assailant when he beat her about the head and body with the gun stock, requiring stitches, ripping off her clothes, marching her through the house at gunpoint, tying her up and raping her. In his opinion, the judge noted that the vicious nature and seriousness of the crime demanded a sentence in the "upper range." Although the defendant was eighteen years old, and this was his first felony conviction, the trial judge considered that these factors did not outweigh the trauma to the victim.
In State v. Austin, 399 So.2d 158 (La. 1981), the Ninth Judicial District Court, Parish of Rapides, sentenced the defendant to twenty-five (25) years at hard labor, two (2) years without benefit of probation or parole, after his conviction of forcible rape based on an original indictment for aggravated rape. The defendant had burglarized a premises by climbing through the window of a trailer and attacking the victim. The defendant did not request a review of his sentence and the opinion contains no further facts related to punishment.
In State v. Acliese, 403 So.2d 655 (La. 1981), the Twenty-Seventh Judicial District Court, Parish of St. Landry, sentenced the defendant to twenty-five (25) years at hard labor with two (2) years of the sentence to be without benefit of probation, parole or suspension of sentence after his conviction by a jury of forcible rape following his indictment for aggravated rape. The victim in this case was the eleven year old daughter of the woman with whom the defendant was living. The victim testified that the defendant had either raped her or attempted to rape her on six prior occasions. At the time of this offense, the defendant was on parole for conviction of carnal knowledge of a juvenile for an incident concerning his stepdaughter during a former marriage. On that occasion, the defendant had been charged with forcible rape and had pleaded guilty to a reduced charge of carnal knowledge of a juvenile. In imposing sentence, the trial judge considered that the defendant's criminal record of similar crimes, the repetitive nature of this crime, and the fact that the crime was committed on a child under the age of consent, warranted the sentence.
In State v. Drayden, 372 So.2d 565 (La. 1979), the defendant was convicted of forcible rape and sentenced to forty (40) years imprisonment at hard labor by the First Judicial District Court, Parish of Caddo, after being charged by a grand jury indictment with aggravated rape. The defendant gained entrance to the victim's house by a ruse, grabbed her around the neck and pulled out a butcher knife. He forced her into the bedroom and engaged in oral sex and sexual intercourse. Although he did not use the butcher knife on his victim, he did threaten her with force if she resisted. In imposing sentence, the court relied on a presentence investigation which indicated that the defendant had previously attempted to force his way into a home in the same parish by knocking on a woman's door and asking for directions to another person's home. He allegedly advised his victim that he was looking for an automobile that was for sale, a ploy similar to the one used in the instant case. Based on this information, the trial court concluded that there was an undue risk that during the period of suspended sentence or probation, the defendant would commit another offense.
In State v. Lewis, 416 So.2d 921 (La. 1982), the Nineteenth Judicial District Court, East Baton Rouge Parish, after the defendant was convicted by a jury of forcible rape, aggravated burglary, and aggravated crime against nature, sentenced the defendant to forty (40) years at hard labor without benefit of probation, parole or suspension of sentence for forcible rape, thirty *105 (30) years at hard labor for aggravated burglary, to run concurrently with the forty year sentence, and ten (10) years at hard labor for aggravated crime against nature, to run consecutively with the above sentences. The twenty year old female victim testified that a black male appeared at her apartment late at night and asked to use the telephone and for a drink of water. As she tried to slam the door upon refusing his request, he forced his way inside. After a struggle in the living room, the defendant forced her to the bedroom and for approximately two and [one] half hours forced her to submit to sexual intercourse three times, performed oral sex on her four times, and compelled her to perform oral sex on him five times. A witness testified that the defendant had come to her apartment in the same neighborhood approximately one hour earlier on the night of the offenses. He apparently tried to gain entry to the apartment with the same story but was unsuccessful. In sentencing the defendant, the court noted that the crimes committed were very violent, that the victim was severely affected emotionally and physically, and that the defendant was armed when he committed these offenses. The defendant had no prior felony or misdemeanor convictions, had been employed as a welder at the time the crime was committed, and his personal records indicated he was a good worker. Most importantly, it appeared that the trial court believed that the defendant had been armed when he committed the crimes, but there was no testimony by any witness that indicated that the defendant was armed with a weapon during the commission of the offenses. Because of our concern that the trial judge had sentenced the defendant with a mistaken impression that he was armed with a weapon during the offense and had failed to give any weight to the mitigating circumstances, this court vacated the sentence and remanded the case to the trial court for resentencing after further consideration of these matters.
MARCUS, Justice (dissenting).
I am unable to say that the trial judge abused his discretion in imposing the sentence that he did in this case. Hence, I do not find defendant's sentence excessive. Accordingly, I respectfully dissent.
NOTES
[1] This phrase is used throughout the opinion to refer to physical injury by being beaten, etc. by the attacker. We are well aware that any woman who is raped has suffered "physical harm." Thus we do not mean to imply that one can be raped and suffer no physical harm, but rather, we are only focusing on the degree of physical brutality over and above the rape.
[2] The cases, as more fully described in Telsee, are included in an appendix to this opinion.
[3] Under R.S. 15:571.3(C)(1)(f) defendant is not entitled to "good time" credits. And with parole eligibility denied defendant for the full term of his sentence, the result is that he must serve the entire forty years in prison.