PRICE, Judge.
Defendant, Jerry Wayne Wiley, appeals his conviction of attempted simple burglary, La.R.S.14:27, 14:62 and simple burglary of an inhabited dwelling, La.R.S.14:62.2. On the conviction of simple burglary of an inhabited dwelling, the defendant was sentenced to five years at hard labor, one year without benefit of probation, parole, or suspension of sentence. On the conviction of attempted simple burglary, the defendant was sentenced to five years hard labor to run consecutively with the first sentence. The defendant has expressly abandoned all assignments of error relating to his conviction of simple burglary of an inhabited dwelling. The defendant asserts as his sole assignment of error that the sentence imposed by the court for his conviction of attempted simple burglary was unconstitutionally excessive. Finding no merit to the defendant’s argument, we affirm.
The evidence produced at the defendant’s trial for simple burglary of an inhabited dwelling reflect that on January 10, 1983 the defendant broke into the residence of Coleman Cyrus in Calhoun, Louisiana. The defendant stole from the Cyrus residence a television set, a tool box with assorted tools, a twelve gage bolt action shotgun, twelve gage shotgun shells, and an electric heater.
Subsequent to the defendant’s trial for simple burglary of an inhabited dwelling, the defendant plead guilty to attempted simple burglary. The record of the defendant’s guilty plea hearing reflects that the defendant on December 22, 1982 unlawfully entered a 1980 Chevrolet pick-up belonging to the D & J Construction Company of West Monroe, Louisiana. The defendant, without permission, entered the unlocked pick-up and took a walkie-talkie lying on the front seat.
The defendant’s sole argument on appeal is that the trial court erred in imposing an excessive sentence upon the defendant for his conviction of attempted simple burglary. The defendant asserts that sentence imposed of 5 years at hard labor to be served consecutively with the first conviction is unconstitutionally excessive in violation of article 1, section 20 of the Louisiana Constitution of 1974. The defendant asserts that the trial court should have imposed a sentence concurrent with the first conviction.
A sentence is constitutionally excessive in violation of article 1, section 20 of the Louisiana Constitution of 1974 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.,1980). Unless there are specific reasons for heavier punishment, concurrent sentences rather than consecutive sentences are appropriate for convictions arising out of a single course of criminal conduct. La.C.Cr.P.Art.883; State v. Armstead, 432 So.2d 837 (La.,1983).
In the present case, however, the convictions do not arise out of the same act or transaction. Nor do they constitute part of a common scheme or plan. While consecutive sentences for convictions arising out of different courses of criminal conduct may still be constitutionally excessive, the trial judge need not provide an articulation to rebut the presumption against consecutive sentences because there is no such presumption when the penalties do not arise from the same course of criminal activity. State v. Armstead, supra.
It is evident that the two convictions do not arise out of the same course of conduct when the facts of each conviction are exam *131 ined. In the defendant’s conviction for simple burglary of an inhabited dwelling, the defendant on January 10, 1983, unlawfully entered the residence of Colemen Cyrus in Calhoun, Louisiana in which the defendant stole a television set, tools, shotgun, and an electric heater. In the defendant’s conviction for attempted simple burglary, the facts reflect that on December 22, 1982 the defendant unlawfully entered a Chevrolet pick-up truck belonging to D & J Construction Company and stole a walkie-talkie contained in the truck.
Defendant faced a maximum possible sentence of twelve years at hard labor for his conviction of simple burglary of an inhabited dwelling and also faced a maximum possible sentence of six years imprisonment for his conviction of attempted simple burglary. Therefore, the defendant’s sentence of five years for each crime is well within the maximum possible sentence he could have received. We further note that the defendant received a substantial benefit as a result of the plea bargain agreement with the state. In the absence of a plea bargain, the defendant faced possible convictions for two counts of simple burglary which would have increased his sentencing exposure by six years.
In sentencing the defendant for attempted simple burglary, we also find that the trial court complied with the guidelines set forth in the La.C.Cr.P. Art. 894.1. The trial court noted the defendant’s numerous misdemeanor and felony convictions representing a total disregard for the property of others. The court noted that the defendant exhibited no remorse for his crime and a total lack of goals. The court noted as a mitigating circumstance that, when the defendant works, he is a good worker.
After reviewing the record of the present case, we find that the sentence imposed is not grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. Therefore, we find this assignment of error to be without merit.
Finding no error by the trial court, the defendant’s convictions and sentences are affirmed.