JASPER E. JONES, Judge.
The defendant, Bobby Gene Shanes, was charged by bill of information with simple burglary. He unconditionally pled guilty to attempted simple burglary, a violation of LSA-R.S. 14:27, 62 and was sentenced to serve five years at hard labor.[1] The de *827 fendant appeals this sentence as being excessive and in violation of LSA-Const. Art. 1, § 20 (1974).
We affirm.
PACTS
On or about November 9, 1983, the 31 year old appellant and another male burglarized Bonners Truck Stop in Ouachita Parish, Louisiana. The offense occurred at approximately 11:00 p.m. while the business was closed and unoccupied. Both individuals were intoxicated at the time and gained entrance by breaking a glass window with a tire tool. The burglary resulted in the theft of property valued at $226.00 in addition to a cash register. The pair then left and immediately proceeded to Morehouse Parish where they burglarized a convenience store.
Police investigation of the Bonner Truck Stop burglary resulted in the appellant’s arrest and a charge against him of simple burglary of that business. The appellant plead guilty to the lesser offense and the court accepted the plea after ascertaining its validity in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). As part of the plea bargain, the state declined prosecution on the Morehouse Parish burglary.
The appellant’s three assignments of error present the following issue for decision: Is the sentence excessive and in violation of LSA-Const. Art. 1, § 20 (1974) due to the trial court’s failure to consider any mitigating factors and due to the fact that five years at hard labor is disproportionate to the offense committed?
The appellant also asserts, without assigning as error, that the plea bargain agreement was based upon an understanding that he would receive only four years at hard labor. He further stated his appointed counsel advised him to deny at the sentencing hearing that any particular promise had been made as an inducement to procure his guilty plea.
The appellant did not designate the Boy-kin hearing as part of the record. However, the minutes included in the record contain a detailed recitation of the appellant’s responses to interrogatories propounded to him by the court at this hearing which reveals appellant received no promised sentence in return for his plea. At a post conviction relief hearing seeking an out-of-time appeal, held in the trial court pursuant to our order on a writ application, State v. Shanes, # 17,648-KW, August 29, 1985, one of the issues tried was whether or not the guilty plea was made in exchange for a promised four year sentence. The appellant testified he pled guilty because he was promised the four year sentence. The trial judge at the hearing, based upon the record, concluded no promise was made to the appellant that he would receive a four year sentence. At the hearing, the appellant testified he sought the out-of-time appeal because he was promised by his attorney he would get a four year sentence. However, he admitted he told the judge at the time of the Boykin-ization hearing that he had received no promise for his guilty plea. The appellant’s attorney testified he did not tell the appellant he would receive a four year sentence. The trial judge made a credibility call in favor of the attorney and, without articulating his findings, denied appellant’s out-of-time appeal because he did not believe the appellant had been told he would receive a four year sentence.
This court, on a writ application, State v. Shanes, #17,737-KH, October 17, 1985, reviewed the transcript of the post conviction relief hearing and granted the out-of-time appeal. We there found “The transcript of the hearing on the applicant’s post conviction relief petition for an out-of-time appeal does not suggest an express and knowledgeable waiver of the right. State v. Counterman, 475 So.2d 336 (La.1985); State v. Simmons, 390 So.2d 504 (La.1980); State v. Holmes, 440 So.2d 1384 (La.App. 2d Cir.1983).”
The appellant admitted at the post conviction relief hearing that he testified at the Boykinization that his guilty plea was not based upon any promises. This fact, *828 along with the testimony of his attorney denying making such a promise to the appellant, provides more than an adequate basis for rejecting appellant’s contention that his conviction be set aside. The appellant, at the post conviction relief hearing, did not establish the guilty plea was involuntary nor that he made it because of misconduct on the part of his attorney. The trial court’s determination on this point was correct, even though this determination could not serve as a basis for denial of the out-of-time appeal.
LAW ON THE REVIEW OF CRIMINAL SENTENCES
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ den., 439 So.2d 1074 (1983). The articulation of the factual basis for a sentence is the goal of article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which must be considered are the appellant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir.1985).
Second, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the appellant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ den., 435 So.2d 433 (La.1983). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Nelson, supra; State v. Hammonds, supra.
In selecting a proper sentence, a trial judge is not limited to considering only an appellant’s prior convictions and may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ den., 452 So.2d 695 (La.1984). A plea bargain which brings about substantial benefits to an appellant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
IS THE SENTENCE IMPOSED EXCESSIVE?
The appellant argues the trial court failed to consider any mitigating factors and the five year period of incarceration is disproportionate to the offense committed.

Did the trial court consider the mitigating factors?

The record establishes the appellant was exposed, as a result of the plea bargain, to a possible sentence of six years at hard labor and a $1,000 fine for a conviction of attempted simple burglary. The fact that the imposed sentence is for a lesser period of incarceration, and does not include any fine, indicates the trial judge found some mitigating factors present and considered them in sentencing the appellant. State v. Johnson, 440 So.2d 838 (La.App. 2d Cir.1983). The record reveals the appellant was a high school dropout and that the court specifically referred to this as a mitigating factor. The trial court also *829 took into consideration the fact the appellant had no juvenile record.
We determine the trial court did consider all the mitigating factors established by the record as there is no evidence the appellant was intoxicated to such a degree he was unable to appreciate the criminality of his conduct. Cf. State v. Lodrige, 414 So.2d 759 (La.1982). We also determine, for the following reasons, these factors do not call for a lesser sentence than that which was imposed.

Is the five year period of incarceration disproportionate to the offense committed?

The appellant argues the trial court failed to consider the sentencing guidelines as expressed in LSA-C.Cr.P. art. 894.1. In particular, the appellant asserts the court failed to give proper weight to the fact that the offense occurred late at night when the Bonner Truck Stop was closed and unoccupied. The appellant contends that because of these circumstances his conduct neither caused nor threatened serious harm and he didn’t contemplate that such a situation would arise.
The record establishes the appellant is a fifth felony offender. Of these prior felonies, two are of a related nature to the instant offense and one involved the attempted distribution of an illegal drug. The presentence report reveals the appellant’s admission of his involvement in the burglary of the Bonner Truck Stop as well as the subsequent burglary of the convenience store in Morehouse Parish. At the sentencing hearing the trial court noted the above related facts and also made mention that a probationary period for a prior offense had not been successful. The court specifically noted the appellant was 31 years old and not a youthful offender, that he was not eligible for probation, that he was a detriment to society, that he exhibited no goals and he had deceived those who were trying to help him.
We determine the trial court did not abuse its discretion in failing to give controlling weight to the fact that the offense occurred in a context where no serious harm was caused, threatened or contemplated. The record reveals the appellant does not have sufficient self-control against alcohol and drug abuse to preclude future criminal conduct from recurring. Cf. State v. Snider, 406 So.2d 209 (La.1981). The appellant’s criminal history, the related nature of two of these prior felony convictions and his admission of involvement in the instant offense, as well as the burglary in Morehouse Parish, establish the five year sentence is not disproportionate to the offense. It is evident the appellant is in need of correctional treatment in a custodial environment and a lesser sentence would deprecate the seriousness of his conduct. Cf. State v. Cook, 465 So.2d 825 (La.App. 2d Cir.1985); writ den., 467 So.2d 532 (La.1985); State v. Wiley, 459 So.2d 129 (La.App. 2d Cir.1984). In addition, it is most significant that the plea bargain avoided exposure to a possible sentence of twelve years at hard labor and a $2,000.00 fine and resulted in a nolle prosequi of the burglary in Morehouse Parish. State v. Winzer, supra.
CONCLUSION
We conclude the trial court did not abuse its discretion in sentencing the appellant to serve five years at hard labor. The sentence is AFFIRMED as being in accordance with LSA-Const. Art. 1, § 20 (1974).

. § 27. Attempt
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
[[Image here]]
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
(2) If the offense so attempted is theft or receiving stolen things, and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. If the offense so attempted is theft or receiving stolen things, and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both;
(3)In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both, [emphasis added]
62. Simple burglary
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.