BELSOME, J.,
Dissents with Reasons.
Ill respectfully dissent from the majority opinion. More specifically, I find that the defendant’s eighty-year sentence, imposed without benefits,[1] is excessive.
It is well-established that La. Const, art. I, § 20 explicitly prohibits excessive sentences. State v. Baxley, 94-2982, p. 4, (La.5/22/95), 656 So.2d 973, 977. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Brady, 97-1095, p. 17 (La.App. 4 Cir. 2/3/99), 727 So.2d 1264, 1272, rehearing granted on other grounds, (La.App. 4 Cir. 3/16/99) (quoting State v. Francis, 96-2389, p. 6 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461). However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. Baxley, 94-2982 at p. 10, 656 So.2d at 979 (citing State v. Ryans, 513 So.2d 386, 387 (La.App. 4 Cir.1987).) Courts must apply these penalties unless they are found to be unconstitutional.
A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly disproportionate to the ^severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 676; State v. Bonanno, 384 So.2d 355, 357 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Baxley, 94-2982 at p. 9, 656 So.2d at 979 (quoting State v. Lobato, 603 So.2d 739, 751 (La.1992)).
A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its *633 broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 2002-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906.
In reviewing a claim that a sentence is excessive, an appellate court must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1, and whether the sentence is warranted under the facts established by the record. State v. Trepagnier, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189. If the reviewing court finds adequate compliance with art. 894.1, it must then determine whether the sentence the trial court imposed is too severe in light of the particular defendant as well as the circumstances of the case, “keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged.” State v. Landry, 03-1671, p. 8 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239. See also State v. Bonicard, 98-665 (La.App. 4 Cir. 8/4/99), 752 So.2d 184.
The defendant argues that receiving the maximum sentence under the multiple offender statute without benefits was unconstitutionally excessive. He contends that there were inaccuracies in the presentence investigation report, and |seven if all the crimes listed were accurate, he still is not one of the most egregious offenders. Thus, he should not have been sentenced to the maximum. I agree.
The record reflects that the trial court considered the mitigating and aggravating factors. It set out its reasons for imposing the maximum eighty-year sentence without benefit of parole, probation, or suspension of sentence, focusing on the defendant’s use of his position as a cab driver to steal from or hurt people. However, the defendant was charged with forcible rape of an adult.
Unlike the circumstances in other cases where the defendants have received the maximum sentence, the defendant in this case could not have been charged with aggravated rape, and the case did not involve minor victims. See State v. Charles, 626 So.2d 404 (La.App. 4 Cir.1993);[2] State v. Jackson, 597 So.2d 1188 (La.App. 5 Cir. 1992);[3] State v. Carter, 04-482 (La.App. 5 Cir. 10/26/04), 888 So.2d 928, 939;[4] and State v. Adkins, 31,300 (La.App. 2 Cir. 11/9/98), 721 So.2d 1090.[5] Compare: State v. Lathers, 444 So.2d 96 (La.1983), where the Louisiana Supreme Court found that imposition of the maximum sentence of forty years imprisonment at hard labor, all to be served without benefit of parole, probation or suspension of sentence, was grossly disproportionate to similar cases *634 and was excessive. In Lathers, the defendant was charged with aggravated rape and found guilty of the responsive verdict of forcible rape of the victim, who was not physically harmed by means other than the rape itself. See also State v. Telsee, 425 So.2d 1251 (La.1983), the Supreme Court noted that “generally the sentences for forcible rape which have been reviewed by this Court reflect a range of sentences from ten to twenty-five years at hard labor, with parole excluded for periods of two to eight years.”
Here, as in Lathers, the victim suffered no apparent physical or emotional trauma. Her life was not threatened nor was a weapon used. She testified that she did not want to press charges; however, she did not want him to be able to do this to someone else. While I agree that the seriousness of the offense warrants a considerable sentence, these facts do not warrant the maximum sentence without any chance of parole. Even considering the defendant’s criminal history, the maximum sentence without parole is disproportionately severe in view of the circumstances of this case and the sentences imposed in other comparable and more severe cases involving similarly situated defendants. See Charles, supra, and Carter, supra.
The court’s eighty-year sentence without benefits was grossly disproportionate to the severity of the crime, and constitutes an imposition of needless pain and suffering. It shocks the sense of justice and is excessive under these circumstances. Accordingly, I would find that the trial court abused its sentencing discretion, vacate the eighty-year sentence without benefits, and remand the case for re-sentencing. I concur in the majority opinion in all other respects.

. Before being sentenced as a multiple offender, the trial court vacated the defendant's forty-year sentence without benefits for the underlying rape, which was also the maximum sentence.

. This Court upheld two forty-year sentences for forcible rape (one as second-felony habitual offender), with the first two years of each to be served without benefit of probation, parole, or suspension of sentence, along with a maximum twenty-year sentence for attempted forcible rape, with all three sentences to be served consecutively, where the victim was the thirteen-year-old daughter of the defendant's girlfriend.

. The court upheld a forty-year sentence for forcible rape, twenty years of which was to be served without benefit of probation, parole, or suspension of sentence, where the victim was a fourteen-year-old female and the defendant, a first time offender, was an adult.

. The court found that the enhanced habitual offender sentence of thirty-seven years for forcible rape (as a second felony offender) was not constitutionally excessive, noting that the sentence was mid-range, the defendant was exposed to a sentencing range of twenty to eighty years for the offense, and the sentence was supported by the record and defendant’s criminal history.

. The court upheld the maximum forty-year sentence, without benefits for two years, where the defendant was charged with aggravated rape and convicted of the forcible rape of his girlfriend’s three daughters, all of whom were under the age of twelve.