392 So.2d 445 (1980)
STATE of Louisiana
v.
Otis DAWSON.
No. 67807.
Supreme Court of Louisiana.
December 15, 1980.
Rehearing Denied January 26, 1981.
*446 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Ronald R. Inderbitzin, Asst. Dist. Atty., for plaintiff-appellee.
Bobby D. Sutton, Glenn E. Walker, Burnett, Sutton, Walker & Callaway, Shreveport, for defendant-appellant.
WATSON, Justice.
Defendant, Otis Dawson, age thirty-eight, was indicted for the aggravated rape of a thirteen year old girl. LSA-R.S. 14:42. A jury found him guilty of forcible rape by a ten to two vote. LSA-R.S. 14:42.1. Dawson was sentenced to twenty years at hard labor: a minimum of two without benefit of probation, parole or suspension of sentence. He has appealed, assigning eight errors in the trial court.

FACTS
The victim testified that Dawson had come to her residence on November 7, 1978, with Calvin French, whom she knew well. French suggested that Dawson would pay to have sex with her, but she refused. When French left briefly, Dawson threw her down on the couch; she scratched him. Dawson told French when they left that he had a 4:00 P.M. date with the girl; that he was going to pay her $20 but then take it back.
When the victim went to a nearby Fina gas station for a soft drink around 1:00 P.M., Dawson was there in his truck. He held a knife to her throat and forced her to accompany him. Dawson stopped at the S & S convenience store (now Michelle's) about eight miles away and went inside. The victim remained in the truck, testifying that she was frightened and unaware of her location.
Defense witnesses established that Dawson remained in the S & S for about fortyfive minutes and obtained a loan of $75 from the owners, Mr. and Mrs. Whitfield. While Dawson was inside, an employee, Billy Coates, moved the truck. Coates noticed nothing unusual about the occupant.
Defendant drove to a secluded area, where the rape took place. Before returning the girl to the Fina station, Dawson stopped at the Thrifty Liquor store and a McDonald's. Immediately after reaching her home, the girl reported the rape to her mother, who called the police. They testified that the victim was crying and appeared to be very upset.
Dr. Lawrence Hill testified that the girl had had recent intercourse and had a tear in the vagina. Her face was scratched and bruised. Defendant, through counsel, admitted intercourse with the girl but contended it was consensual.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court refused to allow defendant to question Dr. Hill regarding the girl's last sexual activity, approximately a *447 month before the rape, because of the rape shield law, LSA-R.S. 15:498. Defendant contends that this evidence should have been admitted as a fact forming the basis of Dr. Hill's expert opinion under LSA-R.S. 15:465. However, Dr. Hill only testified about the clinical findings made during his physical examination of the victim and did not voice an opinion about whether or not she had been raped. Defendant also argues that this history was important to his defense of consent, and the ruling deprived him of a fair trial in violation of Article 1, Section 16, of the Louisiana Constitution of 1974.
Both Dr. Hill and the victim testified that she was menstruating at the time of the rape. Defendant's unproven theory was that the prior sexual activity also took place during a menstrual period and this showed either: (1) a propensity to such conduct at that time of the month; or (2) a rebuttal of the inference that sex at that time was not consensual.
Granting that Louisiana's rape shield law might unconstitutionally restrict a defendant's right of confrontation in some instances, that is not the case here. See 39 La.L. Rev. 956; the concurring opinion in State v. Decuir, 364 So.2d 946 at 948 (La., 1978) and 40 La.L.Rev. 785. The evidence which Dawson's counsel sought to elicit was essentially irrelevant. State v. Decuir, supra. The victim's prior sexual activity with someone else had no bearing on the issue of her consent to this encounter a month later.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defense counsel attempted to elicit testimony from Dr. Joe Ben Hayes, an expert forensic psychiatrist, that Dawson does not have the "... capacity to obtain sexual gratifications through the use of force, violence or threats." (Vol. 3, p. 119) The trial court ruled that, if Dr. Hayes gave his expert opinion as to Dawson's capacity to commit this crime, the State would be allowed to test the facts upon which he based that opinion by cross-examining him about Dawson's prior sexual offenses. Defendant contends that this ruling was erroneous.
If the defense had elicited from Dr. Hayes testimony that Dawson was not by nature a rapist, cross-examination about whether the doctor had heard of the similar offenses charged against Dawson in the past would have been proper to test the basis and reliability of his expert opinion. LSA-R.S. 15:464; 15:465; 15:486.
Given the proper foundation, an expert witness might state whether a defendant has the psychological capacity to commit a particular crime. State v. Mallett, 357 So.2d 1105 (La., 1978). However, the State would then be entitled to cross-examine about the facts upon which that opinion was based. LSA-R.S. 15:465. Here, defense counsel did not pursue its examination of Dr. Hayes after the trial court's ruling. However, if Dr. Hayes had testified that Dawson's characteristics were not compatible with the crime of rape, the State would have been entitled to ask Dr. Hayes whether he had heard of the prior offenses, which were relevant to the basis and competency of Dr. Hayes' opinion.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER THREE
This assignment of error does not raise any issues which were not resolved in the discussion of assignments of error number one and two and lacks merit.

ASSIGNMENT OF ERROR NUMBER FOUR
At defendant's request, the trial court charged the jury with the penalty for aggravated rape. Defendant complains that the trial court erred in also instructing the jury as to the penalties for the other responsive verdicts to the charge, contending that the penalty provisions of the lesser included offenses were irrelevant under State v. Harris, 258 La. 720, 247 So.2d 847 (1971).
*448 The charge to the jury concerning the penalties for the responsive verdicts was within the trial court's discretion. State v. Blackwell, 298 So.2d 798 (La., 1974).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER FIVE
Defendant contends that a new trial should have been granted because the verdict was contrary to the law and the evidence. In effect, defendant argues that a rational trier of fact could not have found the essential elements of forcible rape beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Pilon v. Bordenkircher, 444 U.S. 1, 100 S.Ct. 7, 62 L.Ed.2d 1 (1979). In this assignment defendant relies primarily on the contention that the victim could have asked for help or escaped during the fortyfive minutes that Dawson was in the S & S store. The jury apparently accepted her testimony that she was too frightened and uncertain to flee at that point. Moreover, her failure to leave the truck does not necessarily imply consent to the later act of rape. Her physical condition and emotional state following the occurrence and the fact that she reported the crime at the first opportunity were sufficient to convince a rational trier of fact that forcible rape occurred.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER SIX
This assignment of error was effectively abandoned.

ASSIGNMENT OF ERROR NUMBER SEVEN
Defendant contends that the sentence was excessive. After a hearing and extensive testimony, the trial court fully articulated the reasons for the sentence. In particular, it was noted that Dawson's record of sex crimes indicated a likelihood of the offense reoccurring; that Dawson needed rehabilitation and treatment in a custodial environment; and that, even though there was no serious harm to the victim, a lengthy sentence was indicated to prevent further crimes. There was no abuse of discretion. A sentence of twenty years, as opposed to a maximum of forty years, is not excessive under these circumstances.
This assignment of error lacks merit.
For the foregoing reasons, the conviction and sentence of defendant, Otis Dawson, are affirmed.
AFFIRMED.
LEMMON, J., concurs.