416 So.2d 921 (1982)
STATE of Louisiana
v.
Lincoln LEWIS.
No. 81-KA-2744.
Supreme Court of Louisiana.
July 2, 1982.
*923 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Fred Duhy, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Jeff Calmes, David Randall Buckley, Baton Rouge, for defendant-appellant.
DENNIS, Justice.[*]
On January 23, 1980, the East Baton Rouge Parish Grand Jury returned a true bill charging defendant, Lincoln Lewis, with forcible rape, La.R.S. 14:42.1, aggravated burglary, La.R.S. 14:60, and aggravated crime against nature, La.R.S. 14:89.1. These offenses arose from one criminal episode on November 4, 1979. After a trial by jury, defendant was found guilty as charged of all three offenses and sentenced as follows: forty years at hard labor without benefit of probation, parole, or suspension of sentence for forcible rape; thirty years at hard labor for aggravated burglary, to run concurrently with the forty year sentence; and ten years at hard labor for aggravated crime against nature, to run consecutively with the above sentences. On the basis of eight assignments of error[1], the defendant seeks the reversal of his convictions and sentences.
The twenty year old female victim testified that a black male appeared at her apartment at about 11:00 P.M. on November 4, 1979, and asked to use the telephone and for a drink of water. As she tried to slam the door upon refusing his requests, he forced his way inside. After an initial struggle in the victim's living room, the perpetrator brought her to the bedroom and for approximately two and a half hours forced her to submit to sexual intercourse three times, performed oral sex on her four times, and compelled her to perform oral sex on him five times. The victim testified that the perpetrator smelled of alcohol and told her that the day of the attack was his birthday. She described the perpetrator as having a scar on the center of his nose and that he was dressed in a blue jersey, blue jeans, sneakers and a cap with leather stripes on each side.
After receiving information that a black male fitting the description of the perpetrator lived in an apartment complex next to the victim's, investigating officers executed a search warrant of defendant's apartment and seized items of clothing matching the description given by the victim. The defendant was arrested and identified as the perpetrator by the victim in a line-up conducted on November 6, 1979. At trial the victim positively identified the defendant as the perpetrator and identified the clothes seized by the officers as those worn by him at the time of the rape.
ASSIGNMENTS OF ERROR NOS. 4, 8 & 9
By these assignments defendant contends the trial court committed reversible error in admitting the testimony of state witness, Sylverine Parker, because it was irrelevant.
Ms. Parker testified that she knew the defendant and that he had come to her and her husband's apartment at approximately 10:00 P.M. on the night of these offenses. Ms. Parker's apartment is in the same complex as the victim's apartment. Ms. Parker stated that the defendant was intoxicated and asked her for a drink of water. She refused the request because she and her husband were preparing to go to sleep. Ms. Parker also identified the clothes seized *924 from defendant's apartment as those which defendant was wearing on the night of the offenses.
Ms. Parker's testimony was relevant evidence. Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. La.R.S. 15:441. Ms. Parker's testimony, placing the defendant near the scene of these offenses and corroborating the victim's testimony as to defendant's apparel and intoxicated condition tended to show that the defendant committed these offenses. These assignments are without merit.[2]
ASSIGNMENTS OF ERROR NOS. 5 & 7
By these assignments of error the defendant argues that the trial court erred in overruling his objections to hearsay testimony. On direct examination Ms. Parker was asked whether the defendant asked for anything when he came to her door on the night of the crime. Over defendant's objection, Ms. Parker was allowed to answer that the defendant had asked for a glass of water. On cross-examination Ms. Andrea Lewis, the defendant's sister, was asked what the defendant had told her regarding his whereabouts on the night of the offenses. Over defense objection, she was allowed to answer that the defendant had told her that he was with a friend at the time of the crimes.
These assignments were without merit. Hearsay testimony relating to an admission of the defendant is admissible under a widely recognized exception to the hearsay rule. La.R.S. 15:449, State v. Hampton, 384 So.2d 340 (La.1980); State v. Walker, 344 So.2d 990 (La.1977); State v. Butler, 302 So.2d 585 (La.1974).
ASSIGNMENT OF ERROR NO. 6
By this assignment the defendant contends that the trial court erred in denying his motion for mistrial on the ground that the state introduced an inculpatory statement of the defendant without prior notice in contravention of Article 768 of the Louisiana Code of Criminal Procedure. Defendant claims that he was not given notice of the state's intention to introduce evidence that he asked Sylverine Parker for a glass of water when he appeared at her door on the night of the offenses.
Article 768 provides that, should the state fail to give notice of its intention to use a confession or inculpatory statement at trial, it is inadmissible. For purposes of this article, the term "inculpatory statement" refers to defendant's out of court admission made after a crime has taken place which implicates defendant in its commission. State v. Brent, 347 So.2d 1112 (La.1977); State v. Brumfield, 329 So.2d 181 (La.1976). Because the defendant made the challenged statement one hour before the crimes took place, Article 768 does not govern its admission into evidence.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 10
By this assignment of error the defendant claims that the sentences imposed are excessive in violation of Art. I, Section 20 of the Louisiana Constitution of 1974. Because we conclude that the trial judge did not adequately comply with La.C.Cr.P. art. 894.1, thereby precluding our evaluation of defendant's excessiveness claim, the sentences are vacated and the case remanded for resentencing in compliance with Article 894.1.
Article 1, Section 20, La.Constitution of 1974 prohibits the imposition by law of excessive punishment. In accordance therewith, in State v. Sepulvado, 367 So.2d 762 (La.1979), we held that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review of his conviction." 367 So.2d 767; State v. Cox, 369 So.2d 118 (La.1979).
With respect to the appropriate standards for that review, we further stated that: *925 "... the statutory criteria legislatively provided by La.C.Cr.P. art. 894.1 (1977), which are similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives." 367 So.2d at 769.
La.C.Cr.P. art. 894.1 (1977) sets forth three factors which justify a sentence imposing imprisonment, and eleven other factors which tend to indicate when suspension of sentence or probation is appropriate. The statute provides that the latter, "while not controlling the discretion of the court, shall be accorded weight" by the trial court in its sentencing decision. The enactment concludes that the trial court "shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." State v. Cox, supra, at 121.
Even without formal objection at the time, where the trial judge imposes a sentence without adequate compliance with the mandatory requirement of La.C.Cr.P. art. 894.1, that he state the considerations and the factual basis for his sentence, this court may vacate a sentence and remand for re-sentencing, when the reasons for a sentence that is apparently severe or arbitrary in relation to the particular offender and the actual offense committed do not appear in the record. State v. Wimberly, 414 So.2d 666 (La.1982); State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Cox, supra. State v. Jackson, 360 So.2d 842 (La.1978); State v. Scarborough, 359 So.2d 982 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978). See also State v. Gibson, 362 So.2d 769 (La.1978).
In sentencing the defendant the trial court noted that the crimes committed by the defendant were "very violent," that the victim was "severely affected emotionally and physically," that the defendant was armed when he committed these offenses, and that there was no justification for the crimes. For these reasons the trial court sentenced the defendant to the maximum term for forcible rape and aggravated burglary, and ordered that the sentence imposed for aggravated crime against nature, which was two thirds of the maximum term, be served consecutively to the other sentences.
The trial judge's statements do not represent adequate compliance with Article 894.1. There is no indication that the trial court considered the mitigating circumstances as well as those which weighed in favor of his incarceration. La.C.Cr.P. art. 894.1(B); State v. Gist, 369 So.2d 1339 (La. 1979). The defendant had no prior felony or misdemeanor convictions, had been employed as a welder at the time the crime was committed, and his personnel records indicated he was a good worker. While not controlling the discretion of the court, these circumstances must be accorded weight in its determination of the sentence. Moreover, the imposition of consecutive sentences for crimes arising from a single course of conduct requires particular justification. State v. Jacobs, 371 So.2d 727 (La. 1979); State v. Cox, supra. The trial court did not attempt to justify the consecutive sentences. Finally, it appears that the trial court believed that the defendant had been armed when he committed the crimes. There is no testimony by any witness that indicates the defendant was armed with a weapon during the commission of the offenses.
We agree with the trial court that the crimes of which defendant stands convicted were violent and reprehensible. Indeed, the sentences imposed may actually represent appropriate, individualized sentences considering these particular offenses and this particular defendant. State v. Robicheaux, supra. However, for the reasons stated above, we can not determine whether the punishment is within a range which constitutionally includes the offender as well as the crimes on the basis of the present inadequate record.
*926 ASSIGNMENT OF ERROR NO. 11
By this assignment the defendant contends that there was insufficient evidence to convict him of any of the crimes charged. This assignment of error is without merit. The evidence, considered in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt of every element of the offenses. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Ramoin, 410 So.2d 1010 (La.1982). State v. Harveston, 389 So.2d 63 (La.1980). The victim's testimony, along with corroborating testimony from the investigating officers and that of Ms. Parker, establish every element of the offenses charged.
For the reasons assigned the defendant's convictions are affirmed. The sentences are vacated and the case is remanded for resentencing.
BYRNES and WILLIAMS, JJ. Ad Hoc, concur in part and dissent in part and assign reasons.
WARD, J. Ad Hoc, concurs in part and dissents in part and will assign reasons.
WILLIAM H. BYRNES, III, Judge Ad Hoc, concurring in part and dissenting in part.
I concur in the majority's affirmation of the defendant's conviction but respectfully dissent to remanding the case for resentencing. The majority finds that a remand is required because mitigating factors were not given the weight required by Code of Criminal Procedure, Article 894.1. However, this court has held that where the sentence is not apparently severe on its face there is no need to remand. State v. Jones, 381 So.2d 416 (La.1980). State v. Day, 391 So.2d 1147 (La.1980).
The facts in the record before us provide abundant support for the sentence imposed. The defendant forced his way into the victim's home at night, raped her three times and forced her to perform oral sex five times during a two and a half hour period. The victim suffered both physical and emotional injuries for which no compensation is possible and which will effect her the rest of her life. She in no way provoked this occurrence.
While the trial judge did not articulate his consideration of mitigating factors such as the defendant's good employment record and lack of prior convictions, his failure to give those reasons on the record do not require remand under Jones and Day, supra. The brutal nature of this crime is unquestioned and merits severe punishment. The defendant's work record and lack of prior convictions do not compensate for, or excuse in any way, his conduct.
In State v. Day, supra, a youth of nineteen was convicted of aggravated burglary and attempted simple rape. This court affirmed a forty two and one half year prison term composed of consecutive maximum sentences on each count. The court found that: "There seems little justification for a remand for resentencing when the record so plainly supports the sentence imposed. In the interest of judicial economy we decline to remand to require the trial court to re-state for the record matters which are already apparent from the record.... In this case the record (emphasis original) plainly supports the forty two and one half year sentence although this was composed of consecutive sentences with a maximum for each offense."
The facts of that case are similar to the instant case; both involved a nocturnal forced entry, the use of force on a helpless female, sexual assault, and physical abuse.
We note that the trial judge erroneously believed the defendant was armed when he committed these offenses. This belief was part of the trial court's justification for the sentence imposed. The record does not show the defendant was armed. However, the other facts brought out by the record more than justify the sentence imposed even without the additional aggravating factor of a weapon.
The circumstances of this case simply do not warrant a remand for resentencing.
I therefore respectfully dissent.
*927 R. M. WILLIAMS, Judge Ad Hoc, concurs in part and dissents in part.
I join in the opinion of BYRNES, Judge ad hoc.
NOTES
[*] Judges Charles R. Ward, William H. Byrnes III and David R. M. Williams of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Calogero, Dennis and Watson.
[1] The defendant originally noted eleven assignments of error, but only eight are briefed and argued; the remaining three are considered abandoned. State v. Sanchez, 400 So.2d 632 (La.1981).
[2] Defendant's argument that reversible error occured when Ms. Parker testified that the defendant and her husband were friends is meritless because defense counsel elicited this testimony during cross-examination of Ms. Parker.