JASPER E. JONES, Judge.
Freddie D. Nash pled guilty to forcible rape. LSA-R.S. 14:42.1. He appeals his sentence of 25 years at hard labor, five years without benefit of parole, probation or suspension of sentence, as excessive. We affirm.
On August 28, 1980, Nash, who was employed by a Shreveport apartment complex, obtained admittance to the victim’s apartment to check for water leaks. He did so and left but returned shortly, again to check for leaks.
After gaining admittance to the apartment the second time Nash produced a carpet knife[1] and attacked the victim. A fierce struggle ensued and defendant overpowered the victim. He then took her to the bedroom.
There the victim again struggled and briefly obtained a pistol but was unable to fire it. Nash again overcame her resistance and disarmed her. He pointed the gun at her and threatened her with it if she didn’t submit to his sexual overtures.
She first told Nash she was pregnant hoping to dissuade him but finally agreed to cease resisting if he would not hurt her any more.
Nash then ordered the victim to disrobe and get into bed where he performed oral sex on her and then raped her. After the defendant left the apartment the victim reported the crime. Nash was quickly apprehended at the apartment complex.
A grand jury indicted Nash on charges of aggravated rape and aggravated crime against nature. Defendant pleaded not guilty to both charges.
A sanity commission was appointed at defendant’s request. After the commission found defendant competent to stand trial he pled guilty to the reduced charge of forcible rape. After a pre-sentence investigation a sentencing hearing was held and the district judge imposed the sentence complained of.
Appellant’s only assignment of error is that the district judge imposed an excessive sentence in violation of LSA-Const. Art. 1 § 20. In support of this assignment appellant argues that the district judge gave inadequate consideration to certain mitigating factors particularly defendant’s low intelligence.
The trial judge has wide discretion in imposing a sentence within the statutory limits and the sentence should not be set aside as excessive in the absence of a mani *1243 fest abuse of that wide discretion. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Jacobs, 383 So.2d 342 (La.1980).
The transcript of the sentencing hearing reveals that the district judge meticulously noted and discussed the mitigating circumstances including defendant’s low intelligence, unstable childhood home environment, limited criminal record[2] and good workplace reputation.
The factors enumerated in LSA-C.Cr.P. Art. 894.1 B do not control the discretion of the trial court. State v. Jackson, 360 So.2d 842 (La.1978).
The district judge noted the facts of this violent and brutal crime and its effect on the victim. He observed that appellant was exposed to a greatly reduced sentence by virtue of the plea bargain.
The district judge found that there was an undue risk that appellant would commit more crimes, that he was in need of correctional treatment and that any lesser sentence would deprecate the seriousness of the offense. The district judge also noted that because of the mandatory sentencing requirements of R.S. 14:42.1 the mitigating circumstances were not relevant concerning the imposition of probation or a suspended sentence.
A sentence is excessive if it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Defendant Nash committed a violent and brutal crime. His victim has suffered serious emotional damage and through her society has been damaged.
The sentence imposed is in the mid-range of penalties allowed for forcible rape, a crime punishable by imprisonment for up to 40 years. The sentence imposed is vastly less than those faced by appellant under the original charges of aggravated rape, R.S. 14:42, and aggravated crime against nature, R.S. 14:89.1. The transcript of the sentencing hearing and the length of the sentence imposed convince us that the district judge gave appellant full consideration and benefit of the mitigating circumstances.
The penalty imposed by the district judge does not shock our sense of justice and is not excessive.
Our conclusion is buttressed by the jurisprudence. In State v. Lewis, 412 So.2d 1353 (La.1982), the court considered the sentence of an 18 year old mildly retarded man with no prior felonies who was convicted for forcible rape. There a sentence of 24 years at hard labor, eight without benefit of parole, probation or suspension of sentence, was approved as not excessive.
The rape in Lewis was only slightly more violent than the one involved here. This defendant here is 26 years old whereas Lewis was only 18 and the defendant committed an act of oral sex upon the victim, a factor which was not present in Lewis.
The assignment of error is completely without merit. The sentence is AFFIRMED.

. The weapon was a knife with a hook shaped blade.

. Nash had only one previous misdemeanor conviction.