466 So.2d 1363 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Alfred CHILDS, Defendant-Appellant.
No. CR 84-887.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*1365 Paul J. De Mahy, Kim Kidd, St. Martinville, for defendant-appellant.
J. Phil Haney, Asst. Dist. Atty., St. Martinville, for plaintiff-appellee.
Before GUIDRY, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Defendant Alfred Childs brings this appeal arguing only that his sentence for forcible rape is excessive. We affirm.
In response to an indictment charging him with three (3) counts of aggravated rape of his 8 year old daughter, defendant entered a plea of guilty to one count of forcible rape. The plea bargain was accepted by the trial court. Following a pre-sentence investigation, the trial court sentenced defendant to serve 40 years at hard labor, 20 years without benefit of probation, parole or suspension of sentence. Defendant contends that he is being subjected to overly harsh and excessive punishment.
LSA-R.S. 14:42, three counts of which were charged to defendant, provides in pertinent part:
"A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
. . . . .
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
. . . . .
C. Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence."
To avoid the mandatory sentence of imprisonment for life on each count, defendant requested the court to accept his plea of guilty to the lesser charge of forcible rape. The trial court accepted the plea of guilty to the lesser charge in order to prevent any psychological trauma a full trial might have on the victim. LSA-R.S. 14:42.1, under which defendant was convicted, provides:
"A. Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
B. Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."
Several factors are useful to an appeals court in determining whether the sentence, by its severity or length, is greatly disproportionate to the underlying offense. This court shall consider the following factors:
1) The Nature of the Offense the physical or mental harm the offense either threatened to cause or caused to the victim, the egregiousness of the offense in the eyes of the community, and the harm the offense causes to society;
2) The Offenderhis culpability, his character, his potential for rehabilitation, and any mitigating or aggravating factors evident from his personal history;
3) The Penaltyproportionality of the penalty when compared to sentences imposed in other cases involving the same crime with similar factual circumstances and the purpose and/or need for the sentence imposed. See State v. Lathers, 444 So.2d 96 (La.1983); see generally State v. *1366 Sepulvado, 367 So.2d 762 (La.1979) and its progeny.
The statutory guidelines set forth in La. C.Cr.P. art. 894.1 provide helpful criteria for considering the nature of the offense and the offender. State v. Lathers, 444 So.2d at 97. Part C of article 894.1 requires the trial court to state in the record the considerations taken into account and the factual basis therefor in imposing a sentence. The trial court's considerations are an important aid to this court when called upon to exercise its constitutional function (under LSA-Const. Art. 1, Sec. 20) to review a sentence complained of as excessive. State v. Acliese, 403 So.2d 665, 669 (La.1981). Much deference is given to the trial court's considerations and to the sentence it imposes. Therefore, we shall not set aside a sentence as excessive absent a manifest abuse of the trial court's sentencing discretion. Id.
The factors listed above, together with the sentencing considerations of the trial court, assist us in determining whether the goal of the statutory guidelines set forth in La.C.Cr.P. art. 894.1 have been met.
"The goal of the legislative scheme embodied in [article 894.1] is to tailor the individual sentence imposed on the particular defendant to the particular circumstances of that given case. State v. Telsee, [425 So.2d 1251, 1253 (La.1983)]; State v. Jackson, 360 So.2d 842 (La. 1978). The result is that the maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Jones, 398 So.2d 1049 (La.1981)."
State v. Lathers, 444 So.2d at 97-98. Considering the foregoing, this court shall determine whether, in this case, a sentence of 40 years, 20 of which are without benefit of probation, parole or suspension of sentence, is so disproportionate to the crime of forcible rape, as to shock our sense of justice.
Defendant's crime is sexual intercourse with his 8 year old daughter without her lawful consent. As noted by the trial judge, defendant has acted contrary to society, contrary to morals, and contrary to the psychological well-being of the victim.
Defendant's offense is one of the most flagrant and sordid acts of rape that can be committed. His actions flout the trust a community extends a parent to act in his child's best interest. Because of that initial trust, the crime is almost impossible to prevent. Therefore, we must take into account the deterrent factor of a lengthy sentence for such a serious crime.
The threat of harm to the 8 year old victim is quite severe. This girl was sexually attacked in her own bedroom by her father. The bedroom is usually considered by the child to be a place of comfort, refuge, and security. Defendant's actions threaten to turn the room into a place of nightmarish hell. During his crime spree, his daughter would spend her nights in fear that she might be forcibly violated in order to satisfy her father's selfish sexual desires. The psychological damage from one such incident can destroy the girl's chances to lead a normal and mentally healthy life.
In addition to harm to the victim, there remains the harm defendant's acts might have on society. Society is devastated by the rape of one family member by another. This conduct can destroy the family unit: the foundation of our society. For centuries, incestuous relationships have been condemned by society as being harmful to the overall health and well-being of the human race. Also, defendant's crime is considered child abuse. Such abuse can result in psychological misfits that become an unproductive burden on society.
We conclude that the rape of one's 8 year old daughter is among the most serious violations of the crime of forcible rape. Therefore, based solely on the nature of the offense, a maximum sentence can be appropriately imposed.
We now review the offender to determine whether any mitigating or aggravating factors exist that might indicate the trial court abused its sentencing discretion.
*1367 Review of the record and the presentence investigation report show almost no mitigating factors that might convince this court a more lenient sentence is appropriate. Defendant has now been convicted of his second felony. Therefore, he is ineligible for a suspended sentence and probation. His prior conviction, for felonious stealing, occurred in March of 1968. Despite the fact that he has avoided conflict with the law for 15 years before the commission of the instant crime, it is merely one factor to be weighed in determining a sentence. Other factors considered are: defendant had no history of steady employment; defendant knew his criminal conduct would cause serious harm; defendant acted without provocation to injure seriously his own daughter; there is no basis for which this court can justify defendant's criminal conduct; and defendant has shown that it is likely he may commit another crime. Before the trial judge sentenced defendant, he said: "The only mitigating factor I can find is that you elected to plead guilty rather than go to trial." We agree.
Finally, we must consider the proportionality of the penalty. As of late, the courts of this state have given great weight to comparison of sentences imposed for similar crimes. See State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Telsee, 404 So.2d 921 (La.1981), appeal after remand 425 So.2d 1251 (La.1983); State v. Lathers, 444 So.2d 96 (La.1983).
It is our aim to review all the cases at our disposal involving the same crime with similar factual circumstances.[1] Our review of cases where a defendant was convicted of forcible rape indicates a usual range of sentences of 10 years to 25 years with parole excluded for periods of 2 years to 8 years. There have been several cases that imposed the maximum sentence of 40 years, with an exclusion of parole for 2 to 8 years.
Of special interest are the following cases:
State v. Dawson, 392 So.2d 445 (La. 1980): Defendant was indicted for aggravated rape of a 13 year old girl. A jury convicted him of forcible rape. Dawson was sentenced to 20 years at hard labor, 2 years without benefit of parole, probation or suspension of sentence.
"The victim testified that Dawson had come to her residence on November 7, *1368 1978, with Calvin French, whom she knew well. French suggested that Dawson would pay to have sex with her, but she refused. When French left briefly, Dawson threw her down on the couch; she scratched him. Dawson told French when they left that he had a 4:00 P.M. date with the girl; that he was going to pay her $20 but then take it back.
When the victim went to a nearby Fina gas station for a soft drink around 1:00 P.M., Dawson was there in his truck. He held a knife to her throat and forced her to accompany him. Dawson stopped at the S & S convenience store (now Michelle's) about eight miles away and went inside. The victim remained in the truck, testifying that she was frightened and unaware of her location.
Defense witnesses established that Dawson remained in the S & S for about forty-five minutes and obtained a loan of $75 from the owners, Mr. and Mrs. Whitfield. While Dawson was inside, an employee, Billy Coates, moved the truck. Coates noticed nothing unusual about the occupant.
Defendant drove to a secluded area, where the rape took place. Before returning the girl to the Fina station, Dawson stopped at the Thrifty Liquor store and at McDonald's. Immediately after reaching her home, the girl reported the rape to her mother, who called the police. They testified that the victim was crying and appeared to be very upset.
Dr. Lawrence Hill testified that the girl had had recent intercourse and had a tear in the vagina. Her face was scratched and bruised. Defendant, through counsel, admitted intercourse with the girl but contended it was consensual."
State v. Dawson, 392 So.2d at 446. The court found that under the circumstances, the sentence imposed was not excessive.
State v. Willis, 420 So.2d 962 (La.1982): Robert S. Willis was charged with 4 counts of forcible rape and 1 count of indecent behavior with a juvenile. After plea bargaining, Willis entered a plea of guilty to 3 counts of carnal knowledge of a juvenile and 1 count of indecent behavior with a juvenile. He was sentenced to 8 years on each count of carnal knowledge of a juvenile and 2 years and a fine of $1,500.00 on 1 count of indecent behavior with a juvenile. All sentences were at hard labor and made to run consecutively for a total of 26 years. The appellate court noted the following background facts. Willis began an intimate relationship with an adult woman and, shortly thereafter, moved in with her and her four children (1 boy and 3 girls) of a prior marriage. Over the years, they lived as a "family," with the defendant working and supporting the "family" in a parental role of authority and responsibility. Id. at 964. Willis sexually molested the eldest daughter when she was 13 years old. She became pregnant. After two years, Willis married her. A few years later, Willis became sexually involved with the other two daughters, then ages 13 years and 15 years. The court found the trial judge did not abuse his discretion in imposing a sentence of 26 years.
State v. Acliese, 403 So.2d 665 (La.1981): Acliese was indicted for aggravated rape of the 11 year old daughter of the woman with whom he lived. A jury found him guilty of forcible rape. He was sentenced to serve 25 years at hard labor with 2 years to be without benefit of probation, parole, or suspension of sentence. The victim testified the defendant had either raped her or attempted to rape her on six prior occasions. At the time of the offense, defendant was on parole for conviction of carnal knowledge of a juvenile for an incident concerning his stepdaughter during a former marriage. The court found the sentence imposed was not excessive.
State v. Lewis, 416 So.2d 921 (La.1982): Defendant was charged with forcible rape, aggravated burglary, and aggravated crime against nature. The jury found defendant guilty as charged of all three offenses. For the forcible rape, defendant was sentenced to 40 years at hard labor without benefit of parole. He was also sentenced to 30 years for aggravated burglary, to run concurrently with the 40 year sentence and to 10 years for aggravated crime against nature, to run consecutively *1369 with the above sentences. The 20 year old victim testified that the defendant forced his way into her apartment. He brought her to the bedroom and, for approximately 2½ hours, forced her to submit to sexual intercourse 3 times, performed oral sex on her 4 times and compelled her to perform oral sex on him 5 times. Although the appellate court found the sentence was excessive because the trial judge failed to justify properly the imposition of consecutive sentences for crimes arising from a single course of conduct, it stated that; "[T]he sentences imposed may actually represent appropriate, individualized sentences considering these particular offenses and this particular defendant." State v. Lewis, 416 So.2d at 925. However, the court did not determine whether the imposition of consecutive terms to the sentence was excessive because there was an inadequate record. Therefore, the sentences were vacated and remanded for resentencing.
State v. Lathers, 444 So.2d 96 (La.1983): The defendant was indicted with the crime of aggravated rape. Following trial, the jury returned a verdict of guilty of forcible rape. The trial judge sentenced the defendant to 40 years at hard labor, all to be served without benefit of parole. The victim testified that Lathers entered through the unlocked passenger door of her truck while she was stopped at a red traffic light. He made her believe that he had a gun and forced her to drive down a rural road. At that time he forced her to stop the truck and he raped her. Based on the presentence investigation, the appellate court found his sentence to be excessive. The court said that there was nothing in the record to indicate defendant was hopelessly incorrigible. Lathers had no history of prior convictions, he had a steady work history in order to support his family and he compared favorably to others convicted of the same crime who received less severe sentences. Therefore, the appellate court found that to require defendant to serve all 40 years without benefit of parole was excessive.
The sentence imposed in the instant case is 40 years, 20 years of which are to be served without benefit of probation, parole or suspension of sentence. This sentence is higher than most all the cases reviewed. However, each case must be compared to this case for similarities and differences in the factual circumstances. A comparison shows most of the reviewed cases have mitigating factors that do not exist in this case.
In Dawson, there was the lack of any acts on the part of the victim which may have prevented the crime. The facts show the victim had several opportunities either to cry out or to run away, but, she did neither. State v. Dawson, 392 So.2d at 446. In the present case there was no question as to lack of consent on the part of the victim.
The Willis case involved a plea bargain. State v. Willis, 420 So.2d at 963. The defendant avoided the possibility of being convicted of three counts of forcible rape by accepting punishment for three counts of carnal knowledge of a juvenile. Id. He also plead guilty to one count of indecent behavior with a juvenile. Id. The highest possible sentence available was 35 years at hard labor. Id. at 964. However, the trial judge rejected the maximum because the defendant continued to support the children financially, even post arrest, and he had no previous felony convictions. Id. at 966. No such mitigating factors exist in the instant case.
Lewis and Lathers are both cases where the defendant received 40 years at hard labor, all without benefit of paroles for the crime of forcible rape. Although for different reasons, in each case the reviewing court reversed the sentence imposed. The court in Lathers did not disagree with the imposition of 40 years for the crime but held that the defendant's character warranted the opportunity for parole. State v. Lathers, 444 So.2d at 102. In Lewis, the court indicated that a sentence of 40 years at hard labor without benefit of parole was appropriate considering the particular facts of the forcible rape and the particular offender. State v. Lewis, 416 So.2d at 925. However, the court could not uphold the sentence when the trial judge required it be *1370 served consecutively with two other sentences because the trial judge failed to justify the imposition of consecutive sentences. Id.
Lewis and Lathers are two cases where the Louisiana Supreme Court implied that the nature of the offense committed can warrant a sentence of 40 years. Considering, in the instant case, the crime was committed against defendant's own daughter, the repetitive nature of the crime, and the fact that the crime was committed on a child under the age of consent, we find his offense to be more egregious than the crimes in either Lewis or Lathers. Consequently, defendant warrants a more onerous punishment.
Of the cases we reviewed, Childs compares most closely to the defendant in State v. Acliese. Both were convicted of forcibly raping a young girl under the age of lawful consent. In each case, the girl was a member of a family unit to which the defendant fulfilled the role of father. The defendant in Acliese was sentenced to 25 years, 2 years of which were without parole. The sentence, while not found to be excessive, was never branded a high sentence for the offense committed. Considering the offense, we believe 25 years, 2 years of which is without benefit of parole, to be on the light side. A more severe sentence could have been properly imposed by that trial court. The fact that the trial court was lenient in Acliese shall not overly constrain the trial judge's sentencing discretion in the instant case.
The sentence imposed by the trial judge in this case is higher than that imposed in Acliese. However, we find that the sentence is not so disproportionate, when compared to the sentence in Acliese, as to be a manifest abuse of sentencing discretion by the trial judge.
The trial judge sentenced a man convicted of raping his 8 year old daughter. The record indicates that defendant committed the crime on at least three occasions. There were no substantial mitigating factors evident and this was defendant's second felony conviction. It is also relevant that the state agreed to drop the three charges of aggravated rape if the defendant entered a plea of guilty to one count of forcible rape. When a defendant plea bargains, the court may consider the fact that the sentence imposed is vastly less severe than the sentence faced under the original charges. State v. Smack, 425 So.2d 737, 740 (La.1983); State v. Nash, 427 So.2d 1241, 1243 (La.App. 2d Cir.1983). After consideration of the nature of the offense, the offender, and the proportionality of the penalty imposed, we conclude that defendant's crime warrants a sentence of 40 years, 20 years without benefit of probation, parole or suspension of sentence.
AFFIRMED.
NOTES
[1] The "proportionality assessment" originated and mandated by Sepulvado ensures that, within the limits of the trial judge's discretion, the sentence imposed in an individual case is in line with the sentences imposed for similar offenders who have committed the same crime in a similar fashion. The rationale for this proportionality test is that the nature of the offender and the offense, not the identity of the trial judge, should control the punishment imposed.

We examine the punishment imposed in the present case in light of the sentences imposed in similar reported cases in which the defendant, on appeal, has claimed the imposition of excessive punishment. We note that Sepulvado examined the proportionality of the punishment in that case by using Louisiana Department of Corrections statistics that summarized all dispositions of convictions for the relevant crime, not merely the cases in which excessive sentencing was claimed on appeal. 367 So.2d at 772-73. The "proportionality pool" utilized in Sepulvado thus contained a greater amount of light and medium sentences for the relevant crime and type of offender than our "proportionality pool" of appellate cases, because it stands to reason that severe sentences are appealed on the ground of excessiveness more often than light or medium sentences, and therefore appear in the reported cases disproportionately.
If the sentences imposed in the appellate cases that we examine are, on the average, higher than the sentences imposed in all relevant cases, then our proportionality analysis arguably is somewhat skewed toward upholding this sentence, because the pool that we examine is not truly representative, but instead is composed of only the higher end of the spectrum of relevant dispositions. We are cognizant of the unrepresentativeness of the reported cases, and we have made a special effort not to allow the inherent severity of our sample of the relevant pool of sentences to bias our analysis against defendant. It is not the role of this court to identify and to obtain, ex parte, the type of representative sentencing data used in Sepulvado. Moreover, this court has neither the time nor the other resources to take such action in the numerous sentence review cases that we must examine. In keeping with the proper allocation of roles in our adversary system, the litigants should bear the responsibility for arranging the presentation of such data to the court, if it is to be used at all. Upon presentation, we would certainly consider the type of statistical data used in Sepulvado.