LABORDE, Judge.
Defendant John Ambrose San Miguel brings this appeal arguing that: (1) the trial court failed to apply properly the sentence guidelines of LSA-C.Cr.P. art. 894.1, (2) the trial court failed to state in the record the considerations taken into account and the factual basis therefor, in imposing a sentence on the defendant, as required by article 894.1 and (3) under the circumstances in this case, the sentence imposed by the trial court is excessive. We affirm.
FACTS
On November 3, 1983, a deputy marshall of the Florien Police Department, acting on information received from a confidential informant, secured a search warrant for the residence óf Mr. John Ambrose San Miguel, defendant in this case. Upon execution of the search warrant, the deputy marshall discovered four bags of marijuana. He also secured from defendant five $10.00 bills, which previously had been given to defendant by the confidential informant during a controlled buy of marijuana from defendant.
Defendant was charged with possession of a controlled dangerous substance, to-wit: marijuana, with the intent to distribute; a violation of LSA-R.S. 40:966 A.(1). On August 31, 1984, Mr. San Miguel tendered a plea of guilty and the trial court ordered a pre-sentence investigation and a pre-sen-tence report before imposing a sentence.
At the sentencing hearing on November 13, 1984, the trial court submitted “Written *446 Reasons for Sentence” and imposed a sentence of three years at hard labor. In his “Written Reasons for Sentence” the trial judge stated the following:
“This 32-year old defendant pled guilty to possession of a controlled dangerous substance, namely, marijuana, with the intent to distribute, in violation of LSA-R.S. 40:966 (A)(1).
The Court ordered a presentence report, which has been received and reviewed by the Court, and by defendant’s attorney. The report reflects that defendant told the Probation and Parole Agent who was preparing the presentence report, T was selling marijuana, and I got caught.’ Defendant’s criminal activities were apparently being conducted from defendant’s residence, known as Old Salter Store, in Florien, La., for that is where the marijuana was found, pursuant to a search warrant.
Defendant is a first felony offender. He has a tenth grade education, and was reportedly a ‘D-plus’ student. He attended vo-tech school, in carpentry, for one year.
He is married and the father of four children, ages 3 years through 10 years. They now live in Natchitoches Parish. He gave as his employer H & L Painting, in Natchitoches. The Probation Officers, who live in Natchitoches, have been unable to locate such a business in Natchi-toches Parish.
A review of the sentencing guidelines set forth in Art. 894.1 of the La.Code of Criminal Procedure support the imposition of a prison sentence, if, for no other reason, a lesser sentence would deprecate the seriousness of the defendant’s crime of being a vital link in a criminal activity that is of the first magnitude in America. Men like this defendant are the persons who actually place the contraband in the hands of the user, thereby supporting the entire crime apparatus. Possessing, and admittedly, to the Probation Agent, selling this contraband is indefensible.
The Court considered the eleven grounds set forth in Par. B of Arti. 894.1 to determine what weight, if any, should be given to each of them, in determining whether a suspended, or probated sentence would be appropriate. Only sub-part eleven (11) would appear to be of any weight whatsoever, namely, that imprisonment may cause an excessive hardship on defendant’s family. However, all factors considered this ground is not of sufficient weight to release this felon on the streets, on probation. Having a family does not give a license to commit crimes and does not exempt the offender from the consequences of his criminal act. It is a very common, although regrettable fact, that the family of a felon frequently suffers as much, if not more, than the felon.
The Court also gave considerable consideration as to whether subpart (7) would be of any appreciable weight, as well as to subpart (1). However, the Court notes that this defendant’s brush with the law in Vernon Parish, in 1977, where he was charged with possession of Phencycli-dine, Attempted Aggravated Battery, and Resisting an Officer, all of which were nolle prossed, did not make a lasting impression on him. Having had this experience, and being presumed innocent, would nevertheless have given a normal person pause as to his or her future actions. Accordingly, the Court does not consider either of these sub-parts of significant weight to overcome the need for imprisonment.
The sentence of the Court is that you be placed in the custody of the La. Dept, of Corrs., at hard labor, for a period of three years.”
ASSIGNMENTS OF ERROR NOS. 1 AND 2
While the trial court must reflect in the record that it adequately considered the guidelines presented in article 894.1 when particularizing the sentence to the defendant, it need not articulate every aggravating and mitigating circumstance. State v. Moss, 438 So.2d 1283, 1285 (La. *447 App. 3rd Cir.1983). Our review of the record and the pre-sentence investigation report satisfies us that the trial court properly applied the sentencing guidelines in article 894.1 and that it sufficiently stated in the record the considerations taken into account and the factual basis therefor, as required by article 894.1. Therefore, we find no merit in defendant’s first two assignments of error.
ASSIGNMENT OF ERROR NO. 3
We must now determine whether, under the circumstances in this case, a sentence of three years at hard labor is so disproportionate to the crime of possession of marijuana with the intent to distribute as to shock our sense of justice. Upon reviewing a sentence complained of as excessive, we shall consider the nature of the offense, the offender, and the proportionality of the penalty when compared to sentences imposed in similar cases. State v. Childs, 466 So.2d 1363, at 1365-1366 (La.App. 3rd Cir.1985). The trial court’s sentencing considerations are an important aid to our review and much deference is given to its considerations and to the sentence it imposes. Id. at 1366. Therefore, we shall not set aside a sentence as excessive absent a manifest abuse of the trial court’s sentencing discretion. Id.
Any person convicted of possession of marijuana with the intent to distribute shall be sentenced “to a term of imprisonment at hard labor for not more than ten years and pay a fine of not more than fifteen thousand dollars.” LSA-R.S. 40:966 B.(2). The defendant was sentenced to the comparably light term of three years at hard labor. Based solely on the nature of the offense, especially when considering (as noted by the trial court) the harm such an offense causes to society, a maximum sentence can appropriately be imposed. Notwithstanding the nature of the offense, we find that a sentence of three years at hard labor was imposed upon the defendant because the trial court correctly considered defendant’s character, culpability, and all mitigating and aggravating factors evident from his personal history. With the proper deference given to the trial court’s considerations and to the sentence it imposed, we find no manifest abuse of his sentencing discretion.
Finally, in considering the proportionality of the penalty imposed, we have reviewed all the cases at our disposal involving the same crime with similar factual circumstances. See State v. Childs, 466 So.2d 1363, at 1367 n. 1 (La.App. 3rd Cir.1985). We find that defendant’s sentence of three years at hard labor is proportional to, if not more lenient than, sentences imposed in other cases involving similar circumstances. See, e.g., State v. Aspin, 449 So.2d 49, 54 (La.App. 1st Cir.1984); State v. Moss, 438 So.2d 1283, 1285 (La.App. 3rd Cir.) writ denied, 443 So.2d 588 (La.1983); State v. Jacobs, 383 So.2d 342, 345 (La.1980). We find no merit in defendant’s third assignment of error.
For the reasons assigned, the sentence imposed by the trial court is affirmed.
AFFIRMED.