PER CURIAM.
The defendant Goldsby was originally charged with oral sexual battery. Pursuant to plea negotiations, the defendant pleaded guilty to attempting to incite a felony (crime against nature). La.R.S. 14:27, 28. The defendant was sentenced to pay a fine of $500 and serve one year in the parish jail.
The defendant appealed his sentence as excessive, including as an assignment of error that the sentence was inconsistent with the stated reasons for sentence.
During the course of defendant’s “Boyk-inization” he was informed by the trial judge that the maximum imposable sentence for attempting to incite a felony was a fine of $500 and imprisonment for one year. Later, during the sentencing hearing the defendant denied that he had committed sexual battery upon the victim. The trial judge observed that defendant had *299 received substantial benefits from the plea bargain, but added: ,
“On the other hand, the Court is not absolutely certain what occurred and therefore concluded that it cannot in good conscience give you the maximum sentence.”
Despite this statement, the trial court proceeded to impose the maximum sentence, apparently forgetting that defendant pleaded guilty to attempting to incite a felony rather than the completed offense. Consequently, the record contains an obvious inconsistency between the expressed intention of the trial judge not to impose the maximum sentence and the actual imposition of the maximum sentence. Under the circumstances, remand for resentenc-ing is appropriate. State v. Lems, 416 So.2d 921 (La.1982); State v. Davis, 414 So.2d 1246 (La.1982); State v. Slayton, 499 So.2d 549 (La.App.2d Cir.1986).
For these reasons, defendant’s sentence is vacated and the case is remanded to the trial court for resentencing in compliance with La.C.Cr.P. Article 894.1.