WRIT DENIED: Relator’s convictions and sentences were final more than three years ago. See State v. Lewis, 416 So.2d 921 (La.1982), appeal after remand, State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.), writ denied, 435 So.2d 433 (La.1983). La.C.Cr.P. art. 930.8 provides the jurisdictional time limits for filing an application for post conviction relief. The trial court has no authority to extend those limits beyond the delays provided by the Legislature.
Moreover, relator herein admits that he had no legitimate factual basis to file an application for post conviction relief, as required by La.C.Cr.P. art. 926. The trial court did not err by denying relator’s motion for production of transcripts. A claim that the documents are necessary for a harmless error analysis is meaningless particularly where, as here, relator alleged no error to be subjected to that analysis. Accordingly, we agree that relator failed to state a particularized need for the documents.