WILLIAMS, Judge.
The defendant, Benjamin Brown, was charged by bill of information with one count of illegal possession of stolen things valued in excess of $500, and one count of illegal possession of stolen things having a value of more than $100 but less than $500, violations of LSA-R.S. 14:69. On October 13,1992, the defendant entered a plea of guilty to one count of illegal possession of stolen things valued in excess of $500. In exchange for defendant’s guilty plea, the state agreed to dismiss the other count. On January 11, 1993, defendant was sentenced to serve three years at hard labor. He appeals this sentence as excessive. We vacate the sentence and remand the case for resentencing.
During sentencing, the trial court noted that defendant had been convicted of armed robbery in 1971 and had a very significant misdemeanor record. Although the presen-tence investigation report placed defendant in grid cell 5-A, which recommended a sentence of 72 to 60 months, the court said it didn’t know whether the defendant fit in that cell but intended to impose a sentence “that is actually less” than the sentence recommended under the sentencing guidelines. Defense counsel made a timely motion to reconsider sentence in which he pointed out that too much consideration had been given to defendant’s prior felony conviction.
Our review of the PSI report indicates that defendant’s criminal history index, which included the then-applicable credit for crime-free time, in conjunction with the offense of conviction would place him as low as grid cell 5-E which recommends a sentence of 30 to 18 months. Since there is an obvious inconsistency between the expressed intent of the judge to depart downward from what the guidelines recommended and the fact that the sentence imposed exceeds the maximum sentence recommended by the applicable grid cell, remand for resentencing is ap *41 propriate. See State v. Goldsby, 519 So.2d 298 (La.App. 2d Cir.1988). Accordingly, we vacate the sentence and remand for resen-tencing.
Finally, we have reviewed the record for errors patent. LSA-C.Cr.P. Art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Although the record shows that the court did not so inform Brown, this apparent oversight has no bearing on whether the sentence is excessive, and thus is not grounds for reversal. LSA-C.Cr.P. Art. 921. Inasmuch as the required notice is designed to apprise the defendant in advance concerning the elapsing of the statutory time limitation, the district court is hereby directed to so inform the defendant during re-sentencing.
DECREE
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.