JjDREW, J.
Defendant was indicted for aggravated rape, a violation of La. R.S. 14:42A(4), punishable by death or life imprisonment without benefits. Represented by able counsel, he entered into a guilty plea to the responsive charge of forcible rape, a violation of La. R .S. 14:42.1 punishable by no less than five years nor more than forty years, at hard labor, at least two of which must be served without benefits. Both prosecution and defense counsel recommended to the court a 12-year sentencing cap, however, during the extensive and thorough guilty plea colloquy, the district judge stated, and the defendant acknowledged, that “the court is not obligated under any fashion to impose such a sen *1154 tence.”[1] The state agreed not to charge defendant as being a habitual offender.
Months later, the court imposed a sentence of twelve years at hard labor, without benefits and without diminution of sentence for good behavior. Thereafter, the court denied a timely motion for reconsideration. We affirm.
The matters of record show that after authorities investigated a complaint of child abuse, it was determined that defendant had raped his natural daughter, who then was only five years old, on several occasions in early 1998. Prior to imposing sentence, the district court considered the horrific nature of the offense and noted that defendant had agreed to a 12-year sentence.
Defendant now argues that his sentence is excessive, that the trial court failed to articulate adequately its reasons for sentence, and that the court should have given more consideration in mitigation to defendant’s act of providing information to investigating authorities concerning (a) murder case(s).
Our statutes and jurisprudence hold that the rape of one’s underage daughter is among the most serious violations under our law. The fact that the | defendant here victimized his own child of especially tender years, makes this crime even more horrendous.
When the crime of forcible rape is allowed in an aggravated rape situation, based solely on the nature of the offense and the benefit the defendant received through a plea bargain which reduced his sentencing exposure from death or life imprisonment at hard labor without benefits to the sentence permitted for forcible rape, a maximum sentence for that offense or conviction can be appropriately imposed, even for a first offender. State v. Phillips, 29,020 (La.App.2d Cir.12/11/96), 685 So.2d 565; State v. Childs, 466 So.2d 1363 (La.App. 3d Cir.1985). This instant crime is heinous; it is an abomination. Further, this defendant has a checkered past of crimes; he is already serving 12 years on a drug offense, and is considered a second felony offender.
Further, the law holds that when a defendant has committed a crime of violence, the trial court may deny eligibility for diminution of sentence for good behavior. La.C.Cr.P. art. 890.1 and La. R.S. 14:2(13)(j).
Defendant agreed during his guilty plea colloquy that he committed acts constituting the aggravated rape of his underage daughter. He received a substantial reduction in sentencing exposure through his plea bargain. The pled offense is defined as an offense of violence. Therefore, the district court did not abuse its discretion. The sentence is not constitutionally excessive. The assigned errors are without merit.
We have examined the record for error patent and note that the district court apparently inadvertently informed defendant he had “two days” in which to apply for post-conviction relief. The two-year prescriptive period does not begin to run until the judgment is final under La.C.Cr. P. art. 914 or 922; thus, prescription has not yet begun to run. State v. Harvey, 26,613 (La.App.2d Cir.1/25/95), 649 So.2d 783, writ denied, 95-0430 (La .6/30/95), 657 So.2d 1026, writ denied, 95-0625 (La.6/30/95), 657 So.2d 1028; State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992).
We direct the district court to send appropriate written notice (of his post conviction relief time constraints) to defendant within 30 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of these proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).
*1155 The conviction and sentence are affirmed.
AFFIRMED.

. We distinguish this case from State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171, since here, the trial court clearly stated it was not bound by the 12-year sentencing recommendation of the state and defense.