1/WRIT DENIED.

The writ application is denied as untimely under La. C. Cr. P. art. 930.8. The applicant pled guilty to forcible rape on August 16, 1999. His sentence was affirmed on appeal. State v. Cooper, 34312 (La.App. 2 Cir. 12/15/00), 774 So.2d 1153. No writ application was filed with the Louisiana Supreme Court within 30 days of the judgment by this court and the conviction became final and the time delays for seeking post-conviction relief began to run. Thus, the applicant had January 15, 2003 to seek post-conviction relief.
The district court clerk has provided documentation that the applicant filed a motion to file an “out of time” p.e.r. application on February 27, 2004, which the trial court granted, giving the applicant until April 28, 2004 to file. The application was filed on March 25, 2004 and denied on April 30, 2004.
In his motion, the applicant claimed that he had filed a p.c.r. application “on the 10-28 day of November, 2000” (sic) and alleged that it was lost in the mail or lost by the correctional officers where he was in custody. He sought reinstatement of his right to seek post-conviction relief and cited State v. Counterman, 475 So.2d 336 (La.1985). There is no indication that the trial court made any factual findings relating to this claim of a lost filing.
The only statutory exceptions that allow the filing of applications after the two-year time limit are those in La. C. Cr. P. art. 930.8 A. The allegations in this petition do not fit any of these exceptions.
It is possible that the trial court could have granted such an extension *1276 based on a factual finding that a post-conviction relief application was in fact delivered to prison authorities in a timely fashion. The “date of filing” for 930.8 purposes, under the principles enunciated in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), is the date that the p.c.r. petition was delivered to prison authorities. Thus, if the trial court found that the petition had been prepared and delivered within the time limits, and then lost or not forwarded to the court, it could consider the filing to be timely. There is no indication from the present filing that the trial court made any such determination or had any factual basis for reaching such a conclusion, other than the applicant’s unsupported allegations. Had it sought to reach such a conclusion, it could not properly do so by what appears to be an ex-parte order, without allowing the state to urge objections to the filing of a post-conviction relief application two years after the time delays had run. On the record provided, we cannot find that any basis existed to “reinstate” the applicant’s right to seek post-conviction relief and specifically decline to extend Counterman to include such a right of reinstatement. Post-conviction relief is a statutorily-created right and contains an exclusive list of exceptions, none of which are urged here. The writ is denied as untimely.
We note that, were we to reach the merits of the post-conviction relief claims, we would find them to be only conclusory allegations and completely meritless.